■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE FUDGE, Appellant.—Appeal from a judgment of the County Court of Rensselaer County, rendered October 14, 1976, convicting defendant on his plea of guilty of one count of criminal possession of stolen property in the second degree, six counts of illegal possession of a vehicle identification number plate, seven counts of criminal possession of stolen property in the first degree, three counts of forgery of a vehicle identification number, one count of grand larceny in the third degree, and three counts of grand larceny in the second degree. While proceeding to defendant's garage, and armed with a search warrant, a police investigator encountered defendant driving a motor vehicle. After questioning defendant and observing the license number of the vehicle, the officer computerized the license number and ascertained the vehicle identification number. Thereafter defendant's residence was searched without a warrant and it was determined several of the vehicles found there were stolen and they were towed away and laboratory tests performed thereon. Since no search warrant existed at the time the investigators inspected the vehicles, defendant contends that the searches were illegal and invalid. We reject defendant's initial contention that the information obtained from computerizing the license number was tainted by illegality (Katz v United States, 389 US 347). We also reject as immaterial defendant's contention that no exigent circumstances existed negating the need for a search warrant and that there was ample time for the officers to obtain one. The record reveals that the issue presented is whether defendant voluntarily consented to the search. This is a question of fact (People v Kuhn, 33 NY2d 203). While defendant denied giving consent, all three investigators present at the time testified that defendant did consent and detailed the circumstances surrounding the consent. We are thus presented with a question of credibility and are guided by the principle that much weight must be accorded the determination of the trial court in such a situation (People v Prochilo, 41 NY2d 759). We are unable to say from an examination of this record that the testimony of the investigators was not credible. Considering the record in its entirety, in light of the criteria recently enunciated by the Court of Appeals in People v Gonzalez (39 NY2d 122), we are of the view that the prosecution has satisfied its burden of proving the voluntariness of the consents. Defendant's remaining contention concerns the disposal by the State Police of the vehicles seized. Defendant argues that since the prosecution disposed of the evidence he was denied his due process and Sixth Amendment rights. By his plea of guilty, however,

defendant waived objection to all nonjurisdictional defects in any prior state of the proceeding except those which go to the validity of the plea itself *(People v Meachem,* 50 AD2d 953). The conviction, therefore, should be affirmed. Judgment affirmed. Koreman, P. J., Sweeney, Mahoney, Larkin and Mikoll, JJ., concur.