■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHANE ATKINS, Also Known as BALDWIN ATKINS, Appellant. [708 NYS2d 109] —Judgment, Supreme Court, Bronx County (Barbara Newman, J.), rendered October 9, 1997, convicting defendant, upon his plea of guilty, of attempted robbery in the second degree, and sentencing him, as a persistent violent felony offender, to a term of 12 years to life, unanimously affirmed.

Defendant's suppression motion was properly denied in all respects. In the early morning hours, the police observed defendant running and engaging in various forms of strange behavior strongly suggesting that he was holding a weapon under his jacket. This, at a minimum, provided the officers with a founded suspicion of criminal activity and the right to exercise the common-law right of inquiry (*People v Velasquez*, 217 AD2d 510, *lv denied* 87 NY2d 852). Once defendant fled,

ignoring the officer's direction to stop, the police had reasonable suspicion justifying their pursuit (*People v Sierra*, 83 NY2d 928, 930), leading to defendant's abandonment of the weapon. The spontaneous identification made by the first witness to arrive at the scene was not orchestrated by the police in any manner, and the identification by the other two witnesses was a prompt, on-the-scene, not unduly suggestive showup (*see, People v Duuvon*, 77 NY2d 541). When, during processing at the police station, one officer asked another, within earshot of defendant, what type of weapon was recovered, this did not constitute the functional equivalent of interrogation and defendant's unsolicited spontaneous responses were not subject to suppression (*see, People v Rivers*, 56 NY2d 476). Concur—Williams, J. P., Tom, Mazzarelli, Rubin and Friedman, JJ.