■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH ATKINS, Appellant. [713 NYS2d 533] —Judgment, Supreme Court, New York County (Herbert Altman, J., at hearing; Michael Obus, J., at jury trial and sentence), rendered December 9, 1997, convicting defendant of assault in the first degree, and sentencing him, as a second violent felony offender, to a term of 10 years, unanimously affirmed.

Defendant's motion to suppress physical evidence and identification testimony was properly denied. The hearing evidence established that the arresting officers had reasonable suspicion that defendant had been involved in a crime and had come into the subway to escape. Defendant, visibly injured and bleeding, with an open box cutter in his hand and a worried facial expression, rushed into a subway station only to retreat immediately upon making eye contact with the officers. Defendant's continued flight after the officers identified themselves, and directed defendant to stop, justified their pursuit of him (see, People v Velasquez, 217 AD2d 510, 511-512, lv denied 87 NY2d 852; see also, People v Atkins, 273 AD2d 12). Since defendant was armed and continued to struggle after being detained, the police had a reasonable basis upon which to handcuff him to effect his non-arrest detention (see, People v Allen, 73 NY2d 378). Finally, the information received from two unidentified women almost simultaneously with defendant's detention sufficiently elevated the level of suspicion to probable cause.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis upon which to disturb the jury's determinations concerning credibility.

Counsel's failure to effectuate defendant's alleged desire to testify before the Grand Jury did not deprive defendant of meaningful representation (see, People v Wiggins, 89 NY2d 872).Concur—Sullivan, P. J., Williams, Ellerin, Wallach and Friedman, JJ.