■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ROBBIE PINES, Respondent. [722 NYS2d 239] —Order, Supreme Court, New York County (Michael Corriero, J.), entered on or about April 23, 1999, which granted defendant's motion to suppress physical evidence and statements, unanimously reversed, on the law, the motion denied, and the matter remanded for further proceedings.

The testifying police officer stated that while on patrol in the neighborhood of 152nd Street and Broadway with two other officers in an unmarked car, he observed defendant walking down the street with a companion. Defendant was looking around nervously, and when he observed the officers' vehicle, his eyes bulged out. Although their car was unmarked, the officer testified that "everyone in the neighborhood" recognized it to be a

police car. As they approached, defendant "bunched up" his bubble jacket on the right side, at the waist area, with his hand cupped underneath it, as if he were cradling or holding an object, reminding the officer of how he himself, when off-duty, sometimes adjusted his gun in a similar manner. In addition, when the police pulled their car up to the curb, defendant started walking sideways, shielding his right side from view, still holding his jacket on that side in a bunched-up fashion. Defendant then turned around and started to walk in the opposite direction from where he and his companion had previously been headed, leaving his companion behind. When the officers called out to him that they wanted to ask him a few questions, he fled and they pursued him. The officer spotted a silver gun in defendant's right hand, and as they approached Broadway, defendant threw the gun into some nearby garbage cans. Defendant was apprehended shortly thereafter, and the gun was retrieved from among the garbage cans into which it had been thrown.

While the officer's initial observations of defendant may not, alone, have risen to the level of grounds for a stop and frisk, they gave rise to more than a mere objective credible reason to make a limited request for information. Rather, they justified a "founded suspicion" that defendant may have been engaged in criminal activity, giving rise to a common law right of inquiry under *People v De Bour* (40 NY2d 210). As a result of defendant's flight upon the approach of the officers, and the additional suspicion engendered by it, the evidence met the level of reasonable suspicion, justifying pursuit (*see, People v Atkins*, 273 AD2d 12, *lv denied* 95 NY2d 960). The officers then had the right to detain him, and the related right to pursue him (*see, People v Sierra*, 83 NY2d 928), and consequently, the gun he discarded in the process should have been held admissible. Concur—Williams, J. P., Andrias, Lerner, Saxe and Buckley, JJ.