THIRD DEPARTMENT, DECEMBER, 2001

(December 6, 2001)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JONATHAN LAVOIE, Appellant. [733 NYS2d 799] —Cardona, P. J. Appeal from a judgment of the County Court of Franklin County (Main, Jr., J.), rendered June 8, 1998, convicting defendant upon his plea of guilty of the crime of conspiracy in the second degree.

In satisfaction of a five-count indictment, defendant pleaded guilty to the crime of conspiracy in the second degree with the understanding that County Court, *inter alia,* would not sentence him to a prison sentence greater than $2^{1}/_{3}$ to 7 years. Notwithstanding the recommendation of the People that defendant receive a prison sentence of 2 to 6 years, County Court imposed a sentence of $2^{1}/_{3}$ to 7 years, prompting this appeal.

Initially, to the extent that defendant's allegations of ineffective assistance of counsel survive his waiver of his right to appeal everything other than his sentence, we do not agree that he was denied the meaningful assistance of counsel. In representing defendant, counsel, *inter alia,* negotiated a favorable plea bargain which allowed defendant to plead guilty to a class B felony in satisfaction of an indictment which also alleged three class A-II felonies and another class B felony. Furthermore, although it is undisputed that defendant suffered from certain disabilities as a result of a motor vehicle accident, we do not find defense counsel ineffective, as a matter of law, for failure to obtain an expert evaluation of defendant's mental condition. The record established that defendant fully participated in the proceedings and the issue of his mental capacity was addressed in the presentence report and not found to be a significant factor. Under all the circumstances, we conclude that defense counsel's representation was sufficient (*see, People v Pace,* 284 AD2d 806).

Lastly, while defendant challenges the sentence as harsh and excessive, our review of the record reveals neither an abuse of discretion by County Court nor the presence of extraordinary circumstances warranting our intervention (*see, People v Medi-*

*nilla,* 279 AD2d 891, *lv denied* 96 NY2d 803). Contrary to defendant's argument, the record demonstrates that County Court considered all relevant factors prior to imposing sentence, including defendant's mental and physical difficulties (*see, People v Beaney,* 285 AD2d 674). Therefore, we are not persuaded that the sentence imposed was harsh and excessive.

Crew III, Spain, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.