■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PRESTON VARLACK, Appellant. [737 NYS2d 125] —Lahtinen, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered May 2, 1997 in Albany County, upon a verdict convicting defendant of the crime of criminal possession of a weapon in the third degree.

On August 26, 1996 at about 2:30 P.M., Albany Police Detectives John Grogan and Anthony Bruno investigated a report of shots fired in the Clinton Street area of the City of Albany. They spoke to witnesses at the scene who described one of the perpetrators as a black male, about 6 feet, 1 inch or 6 feet, 2 inches tall, weighing 200 to 220 pounds, having a cameo-type haircut, and wearing camouflage pants and a blue T-shirt. The detectives subsequently received radioed information that a blue Chevy Corsica was involved in the incident and they were given the vehicle's license plate number. At approximately 4:00 P.M. that same day, in another part of Albany, they observed a blue Corsica and saw three black males, including defendant, walking nearby. Although the Corsica's license plate did not match their information, they observed that defendant was wearing camouflage pants and a blue T-shirt and that he had a cameo haircut. As they made a U-turn with their vehicle, Grogan observed defendant take a plastic bag out of his waistband and put it in his right front pocket. The detectives pulled over and asked to speak to the men. Grogan exited the vehicle, identifying himself as a police officer, and defendant began to flee. Grogan pursued defendant on foot for about 40 feet, during which time he observed defendant take the plastic bag out of his right front pocket and throw it down into some bushes. Shortly thereafter, defendant was arrested, and the plastic

bag, which contained a handgun, was located by Grogan and then secured by the police forensic unit.

As a result, defendant was indicted for criminal possession of a weapon in the third degree. Defendant moved unsuccessfully for suppression of the gun, which County Court (Breslin, J.) found admissible after a suppression hearing. Defendant was convicted by a jury as charged and thereafter sentenced to a determinate prison term of seven years. Defendant now appeals, contending that County Court erred by denying his motion to suppress the handgun and that his sentence was harsh and excessive. We find no merit in either argument and affirm.

Defendant first argues that the handgun should have been suppressed because the police lacked reasonable suspicion to justify their pursuit and seizure of him and lacked probable cause to arrest him. We disagree, as we find that the police conduct was reasonable in view of the totality of the circumstances (*see, People v Batista*, 88 NY2d 650). Notably, "defendant's flight in response to an approach by the police, combined with other specific circumstances indicating that [defendant] may be engaged in criminal activity, [gave] rise to reasonable suspicion, the necessary predicate for police pursuit" (*People v Sierra*, 83 NY2d 928, 929; *see, People v Landy*, 59 NY2d 369, 376). The detectives' own investigation and their observation of defendant's clothing, hairstyle and actions in removing the plastic bag from his waistband after defendant spotted the police, provided "objective credible reason[s]" to approach defendant and his companions for information (*People v Martinez*, 80 NY2d 444, 447; *see, People v Sierra, supra*, at 929). Defendant's flight created "a reasonable suspicion of criminality justifying the pursuit" (*People v Montilla*, 268 AD2d 270, 270, *appeal dismissed* 95 NY2d 830; *see, People v Martinez, supra*, at 447). Consequently, because the police had reasonable suspicion to pursue defendant, his discarding of the gun during the pursuit was not a product of improper or illegal police conduct and defendant's suppression motion was properly denied (*see, People v Sierra, supra*, at 930; *People v Pines*, 281 AD2d 311, *lv granted* 96 NY2d 923; *People v Atkins*, 273 AD2d 12, *lv denied* 95 NY2d 960).

Finally, we reject defendant's argument that his sentence was harsh and excessive. The sentence imposed was within the statutorily prescribed range and will not be disturbed unless defendant demonstrates extraordinary circumstances or a clear abuse of discretion (*see, People v Burt*, 246 AD2d 919, 924), which he has not done here.

Spain, J.P., Carpinello, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.