■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT R. COMFORT, Appellant. [741 NYS2d 578] —Mercure, J. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered August 7, 2000, upon a verdict convicting defendant of the crime of arson in the second degree.

Defendant's conviction of arson in the second degree arises out of an incident that occurred just prior to midnight on December 31, 1999, when defendant filled a soda can with gasoline, poured it on the living room floor of his apartment, threw a lit cigarette on the floor, left the apartment and went next door to join friends and family for a celebration at his father's apartment. The primary evidence of defendant's guilt consisted of oral admissions he made to State Police personnel on January 1, 2000 and corroborative testimony of a Sullivan County fire investigator and State Police Investigators. Following the jury's guilty verdict, County Court sentenced defendant as a second violent felony offender to a 25-year determinate term of imprisonment. On appeal, defendant challenges (1) County Court's denial of his motion to suppress his oral admissions, (2) County Court's ruling that defendant's proffer of evidence tending to establish that he could not understand the *Miranda* warnings because of his limited intellectual capacity opened the door to evidence of defendant's response to earlier unrelated questioning by the police, (3) the sufficiency of the trial evidence, and (4) the sentence imposed by County Court. Because we conclude that the contentions advanced by defendant are lacking in merit, we affirm.

Initially, we are not persuaded to disturb the detailed factual findings made by County Court following the *Huntley* hearing or its conclusion that the oral admissions defendant made on January 1, 2000 were voluntary. To the contrary, the People's evidentiary showing at the hearing, which County Court credited in the exercise of its fact-finding authority, persuasively established that defendant voluntarily accompanied

investigating police officers to the State Police barracks, after preliminary questioning he agreed to undergo a polygraph examination, and during the course of that examination he made the oral admissions that are at issue here. Notably, the evidence indicated that prior to making those oral admissions, defendant had not been placed under arrest and was free to come and go as he wished, he was offered food and drink and took breaks for cigarettes, he was not threatened or coerced in any way, he was advised of his *Miranda* rights and voluntarily waived them and he never sought to discontinue the questioning or to avail himself of his right to legal counsel.

In our view, defendant's proffer of evidence that an IQ test result placed him within the mildly mentally retarded range by no means mandates a finding that his statement was involuntarily made. "An effective waiver of *Miranda* rights may be made by an accused of subnormal intelligence so long as it is established that he or she understood the immediate meaning of the warnings" (*People v Williams,* 62 NY2d 285, 287). It is not required that a defendant understand how a statement will be used in later proceedings; rather, the appropriate inquiry is whether the defendant is "[able] to grasp the basic concepts that he [or she] could refuse to talk to the investigator or that he [or she] could ask to speak to a lawyer" (*People v Ferguson,* 285 AD2d 901, 902, *lv denied* 96 NY2d 939). In this case, the People satisfied their burden by showing that after making the inculpatory statements to the State Police polygraphist, defendant refused to repeat the statements to a State Police Investigator and, in fact, told her that the statements were hearsay and could not be used against him. Similarly, the People showed that defendant had been questioned in connection with an earlier unrelated arson investigation and at that time availed himself of his right to remain silent (*see, People v Pond,* 217 AD2d 721, 722; *People v Matthews,* 148 AD2d 272, 275, *lv dismissed* 74 NY2d 950).

Defendant's remaining contentions do not warrant extended discussion. In view of defendant's offer of evidence challenging his mental capacity to make a knowing waiver of his *Miranda* rights, County Court did not abuse its discretion in permitting the People to present evidence concerning defendant's earlier refusal to speak to the police in connection with their investigation of a felony-level crime. Contrary to defendant's portrayal, testimony regarding the prior incident did not implicate defendant's commission of any uncharged crime, and County Court gave the jury appropriate limiting instructions. Further, defendant's oral admissions, which were directly corroborated

by prosecution evidence concerning the location of a gasoline can and a soda can and forensic evidence showing that the fire was caused by a liquid accelerant that had been poured on the living room floor, provided compelling evidence of his guilt. Finally, taking into account defendant's prior violent criminal history, his lack of remorse, and the nature of the present crime, and notwithstanding defendant's mental condition, we are not persuaded to disturb the sentence imposed by County Court (*see*, *People v Lavoie*, 289 AD2d 602, 602-603; *People v Brown*, 252 AD2d 835, 837, *lv denied* 92 NY2d 923).

Defendant's remaining contentions have been considered and found to be unavailing.

Cardona, P.J., Crew III, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed. [*See* 184 Misc 2d 484.]