■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN TRIMM, Appellant. [744 NYS2d 52] —Lahtinen, J. Appeal from a judgment of the County Court of Franklin County (Main, Jr., J.), rendered November 13, 2000, convicting defendant upon his plea of guilty of the crime of murder in the second degree.

In October 1999, defendant was indicted for a myriad of crimes including, inter alia, murder in the first degree and two counts of murder in the second degree. The charges stemmed

from an incident which occurred on August 10, 1999 in the Town of Fort Covington, Franklin County, when defendant, together with David De Losh, robbed 66-year-old Carmine Zerella, who was then beaten to death by De Losh in defendant's presence. After being questioned the next day by his parole officer and State Police Investigators regarding the incident, defendant was detained on a parole violation and, over the course of the next two days, gave the police several incriminating written statements regarding his participation in the robbery and murder.

Subsequent to his arraignment on the indictment, defendant filed an omnibus motion seeking, inter alia, suppression of his statements to the police on the grounds that the police lacked probable cause for his arrest and he was illegally detained on the parole violation. Prior to a decision from County Court on the motion, defendant entered a guilty plea to one count of murder in the second degree in full satisfaction of the indictment and any other charges which might arise from the August 10, 1999 incident, and waived his right to appeal all aspects of the criminal proceeding except his sentence. In exchange, it was agreed that defendant would receive a prison sentence of 20 years to life, provided that he cooperate with the authorities and testify against De Losh, which he did. Defendant was thereafter sentenced to a prison term of 20 years to life and a $5,000 fine. He now appeals, raising several issues, including the claim that his sentence was harsh and excessive.

Defendant's first argument, that his statements to the police should be suppressed because they were obtained in violation of his due process rights and at least warranted a fact-finding hearing, is rejected. The timing of defendant's plea, which was prior to any suppression hearing, "precluded the making of a record" on the suppression issue, and foreclosed possible appellate review (*People v Fernandez*, 67 NY2d 686, 688; *see, People v Huff*, 257 AD2d 678, 679, *lv denied* 93 NY2d 854; *see also*, CPL 710.70 [2]). Moreover, in his plea allocution, defendant acknowledged that his waiver of his right to appeal included "all aspects of this proceeding [including], any decision [County Court] may have made or may make in the future except [his] sentence." Consequently, we find that defendant knowingly, voluntarily and intelligently waived his right to appellate review of his application to suppress his statements to the police.

Next, we find no merit in defendant's argument that County Court violated the terms of the plea bargain by imposing a fine as part of his sentence and stating that it would "urge in the

strongest possible terms that [defendant] not be granted [parole]." While we have vacated the imposition of a fine as part of a sentence where there was no mention of a fine at the time of the entry of defendant's plea (*see, People v Cote*, 265 AD2d 681, 681-682), here County Court discussed the possible imposition of a fine and the amount thereof on the record during defendant's plea allocution, and defendant indicated that he understood that possibility. We also note that defendant did not object to the imposition of the fine at the time of sentencing. Furthermore, County Court's remarks at sentencing regarding its possible parole recommendation when defendant becomes eligible for parole were not a direct consequence of the plea, which defendant must be advised of at the time of his plea (*see, People v Goss*, 286 AD2d 180, 182), nor an enhancement of defendant's promised sentence (*see, People v Jeffrey*, 254 AD2d 230, 231, *lv denied* 92 NY2d 1033; *see also, People v Harrington*, 262 AD2d 142, 142, *lv denied* 94 NY2d 823).

Defendant next argues that his waiver of his right to appeal should not be considered because he received ineffective assistance from defense counsel who failed to move to vacate or withdraw his plea after County Court allegedly violated the plea agreement. We find no infirmity in defendant's waiver of his right to appeal, which encompassed all issues except his sentence (*see, e.g., People v Seaberg*, 74 NY2d 1, 7-9). Under the facts and circumstances of this case, we conclude that defendant received meaningful representation from defense counsel, who negotiated and effected a very favorable plea bargain (*see, People v Baldi*, 54 NY2d 137, 147; *People v Lavoie*, 289 AD2d 602, 602). Furthermore, defendant failed to demonstrate how defense counsel's allegedly ineffective assistance impacted on the voluntariness of his plea (*see, People v Conyers*, 227 AD2d 793, 793, *lv denied* 88 NY2d 982), and since we have rejected as without merit defendant's claim that County Court violated the terms of the plea bargain, his claim of ineffective assistance of counsel based on defense counsel's failure to seek vacatur or withdrawal of his guilty plea on that ground is similarly meritless.

Finally, we reject defendant's argument that his sentence was harsh and excessive. Defendant's sentence was well within the statutory parameters for murder in the second degree. Given the nature of the crimes in which defendant participated, his substantial prior criminal record, including the fact that he was on parole at the time that he committed this crime, and the absence of any extraordinary circumstances which would warrant our intervention (*see, People v Dolphy*, 257 AD2d 681,

*lv denied* 93 NY2d 872), we refuse to disturb the eminently reasonable sentence imposed by County Court.

Mercure, J.P., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed.