■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARREON L. RILEY, Appellant. [748 NYS2d 536] —Appeal from a judgment of the County Court of Chemung County (Buckley, J.), rendered April 2, 2001, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.

Defendant was found with a sharpened plexiglass shank in his shoe while confined at a state correctional facility and was charged with promoting prison contraband in the first degree. He subsequently pleaded guilty to attempted promoting prison contraband in the first degree and was sentenced as a second felony offender to a prison term of 1½ to 3 years to run consecutive with his existing prison sentence. We reject defendant's contention that the sentence imposed was harsh and excessive. Defendant was allowed to plead to a reduced charge of attempted promoting prison contraband, was sentenced in accordance with the plea agreement and received the most lenient sentence permitted by statute (see People v Reyes, 240 AD2d 860; People v Mejia, 191 AD2d 844, lv denied 81 NY2d 1017). We, accordingly, find no reason to disturb the sentence imposed.

Cardona, P.J., Crew III, Carpinello, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM E. SULLIVAN, Appellant. [748 NYS2d 537] —Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered May 4, 2001, convicting defendant upon his plea of guilty of the crime of forgery in the second degree.

In satisfaction of a three-count indictment, defendant pleaded guilty to the crime of forgery in the second degree and was sentenced as a second felony offender to a prison term of 2 to 4 years to run concurrently with an existing sentence. We reject defendant's contention that the sentence imposed was harsh and excessive. Defendant was sentenced in accordance with the favorable plea agreement and he received the most lenient sentence permitted by statute (see Penal Law § 70.06 [3] [d]; [4] [b]; People v Milton, 205 AD2d 815, lv denied 84 NY2d 909). Under these circumstances, we find no reason to modify the sentence imposed.

Cardona, P.J., Spain, Mugglin, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.