THIRD DEPARTMENT, MAY, 2004

(May 6, 2004)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER ROSS, Appellant. [776 NYS2d 372]—

Spain, J. Appeals (1) from a judgment of the County Court of Chemung County (Buckley, J.), rendered May 18, 1998, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree, and (2) by permission, from an order of said court, entered January 18, 2001, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

After being discovered with a single-edged razor blade concealed on his person, defendant, an inmate at the Elmira Correctional Facility in Chemung County, served a written notice on the Chemung County District Attorney's office of his intent to testify before the grand jury regarding the matter. On October

8, 1997, defendant was assigned counsel and informed that the grand jury proceedings were going to be held the following day. Although present at the courthouse the next day, defendant did not testify and was indicted on one count of promoting prison contraband in the first degree.

At his arraignment, defendant argued that he was prevented from testifying before the grand jury by defense counsel's failure to procure a letter from defendant's disciplinary file prior to the grand jury proceedings, a letter which defendant now claims was critical to his testimony and his only defense. After assigning new defense counsel, County Court considered defendant's pro se motion to dismiss the indictment premised on the alleged insufficiency of the evidence before the grand jury and the claims that he was not provided adequate grand jury notice and was denied the effective assistance of counsel. The court reviewed the minutes of the grand jury proceedings and denied defendant's motion. Defendant then entered a plea of guilty to the crime of attempted promoting prison contraband in the first degree and was sentenced as a second felony offender to $1^1/_2$ to 3 years in prison, to be served consecutive to his existing sentence. Defendant thereafter unsuccessfully moved pursuant to CPL 440.10 to vacate the judgment of conviction upon the grounds that he was denied the effective assistance of counsel and due process. Defendant appeals from the judgment of conviction and, by permission of this Court, from the order denying his CPL 440.10 motion.

First, defendant argues that he was denied the effective assistance of counsel in light of defense counsel's failure to obtain the requested letter prior to the grand jury proceedings. To the extent that defendant's argument can be construed to be that the alleged failure undermined the voluntariness of his guilty plea, it survives that plea (*see People v Thomas*, 2 AD3d 982, 983 [2003], *lv denied* 1 NY3d 602 [2004]; *People v White*, 300 AD2d 830, 832 [2002], *lvs denied* 99 NY2d 586, 633 [2003]). We reject that contention, finding that defendant entered a knowing, voluntary and advantageous guilty plea after County Court entertained and denied his motion to dismiss the indictment, which was based in part on counsel's failure to procure the letter. Defendant has failed to include the letter in the record, describe its content or otherwise demonstrate the likely impact it would have had on his indictment and, accordingly, has not met his burden of showing that this single alleged error was significant enough to deprive him of meaningful representation in a manner which would cast any doubt on the voluntariness of his plea (*see People v Kagonyera*, 304 AD2d 984, 985 [2003], *lv*

*denied* 1 NY3d 574 [2003]; *People v Trimm*, 295 AD2d 640, 642 [2002], *lv denied* 98 NY2d 732 [2002]; *People v Mingues*, 256 AD2d 657, 657 [1998], *lv denied* 93 NY2d 974 [1999]; *see also People v Plaisted*, 2 AD3d 906, 909 [2003]).

Defendant's remaining claims of preplea error were forfeited when he entered his guilty plea; specifically, he forfeited any claims that he was provided inadequate notice of the grand jury proceedings (*see People v Harris*, 293 AD2d 818, 819 [2002], *lv denied* 98 NY2d 676 [2002]; *see also People v Hansen*, 95 NY2d 227, 230 [2000]) and deprived of due process by alleged errors/misconduct in the police investigation of defendant's crime (*see People v Trimm, supra* at 641; *People v Torres*, 257 AD2d 772, 773 [1999], *lv denied* 93 NY2d 903 [1999]; *People v Fudge*, 58 AD2d 952, 952-953 [1977]). In any event, we have considered these contentions and find that they lack merit.

Finally, in light of the nature of the crime charged, defendant's criminal history and the lack of any extraordinary circumstances warranting our intervention, we find no reason to disturb the sentence—imposed by County Court pursuant to the plea agreement and less than the maximum permissible sentence—as harsh or excessive (*see People v Goldwire*, 301 AD2d 677, 678 [2003]; *People v Riley*, 298 AD2d 716, 716 [2002], *lv denied* 99 NY2d 563 [2002]).

Crew III, J.P., Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the judgment and order are affirmed.