■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JARED BOZYDAJ, Appellant. [788 NYS2d 447]—Spain, J. Appeals (1) from a judgment of the County Court of Ulster County (Bruhn, J.), rendered April 8, 2002, convicting defendant upon his plea of guilty of the crimes of attempted murder in the first degree (two counts), assault in the second degree, reckless endangerment in the first degree (five counts), criminal use of a firearm in the first degree, criminal possession of a weapon in the third degree and unlawful wearing of a body vest, and (2) from a judgment of said court, rendered April 8, 2002, convicting defendant upon his plea of guilty of the crime of criminal mischief in the second degree.

Defendant was charged in two separate indictments for a myriad of crimes stemming from a shooting spree which occurred in the Village of New Paltz, Ulster County. Defendant, wearing a bulletproof vest, intermittently fired more than 60 rounds from a semiautomatic assault rifle at police officers, police vehicles and various bystanders and buildings in the area

over a 40 minute period. One bullet struck an Ulster County Deputy Sheriff in the arm and finger. In full satisfaction of both indictments, defendant pleaded guilty to the crimes of attempted murder in the first degree (two counts), assault in the second degree, reckless endangerment in the first degree (five counts), criminal use of a firearm in the first degree, criminal possession of a weapon in the third degree, unlawful wearing of a body vest and criminal mischief in the second degree. Defendant entered into the plea with the express understanding that he would be sentenced to concurrent prison terms of 20 years to life on the two attempted murder convictions and equal or lesser concurrent prison terms on the remaining convictions. Having been sentenced as agreed, defendant now appeals, contending that his sentence is harsh and excessive and should be reduced in the interest of justice.

We have reviewed the numerous arguments advanced by defendant in support of his contention that his sentence is harsh and excessive and we decline to disturb it. Defendant, age 25 at the time of these crimes, attributes this incident to untreated mental illness and substance abuse, and characterizes it as a suicide attempt. He argues that these factors and his lack of a prior criminal history warrant a reduction in the sentence. In light of the traumatic, senseless and prolonged nature of these deliberate and extremely reckless crimes—which exposed many civilians and law enforcement officers to grave danger—and considering that the sentence was agreed upon and far less than the maximum permissible sentence, we find neither an abuse of discretion nor the existence of extraordinary circumstances which would warrant a reduction of the sentence in the interest of justice (*see People v Trimm*, 295 AD2d 640, 642 [2002], *lv denied* 98 NY2d 732 [2002]; *People v Centorani*, 294 AD2d 613, 614 [2002]).

Mercure, J.P., Crew III, Rose and Kane, JJ., concur. Ordered that the judgments are affirmed.