■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL TIRADO, Appellant. [796 NYS2d 424]—

Mercure, J.P. Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered August 23, 2002, upon a verdict convicting defendant of the crimes of attempted sodomy in the first degree and sexual abuse in the first degree.

Defendant was charged in a two-count indictment with the crimes of sodomy in the first degree and sexual abuse in the first degree. The charges arose from an incident during which defendant, after meeting the victim in a bar in the Town of New Paltz, Ulster County, escorted her to the roof of a nearby building where the conduct forming the basis for the criminal charges occurred. After a jury trial, defendant was found guilty of the lesser included charge of attempted sodomy in the first degree on the first count and sexual abuse in the first degree as charged in the second count. Defendant was sentenced to concurrent terms of incarceration of seven years and five years, respectively. He now appeals, and we affirm.

Initially, we reject defendant's contention that County Court failed to consider and properly balance the *Sandoval* factors. During colloquy before County Court's *Sandoval* ruling, the People sought to use five prior convictions to impeach defendant. The court foreclosed the use of two 1990 convictions for criminal sale of a controlled substance in the second degree because they were too remote in time, but allowed the People to inquire into the convictions and underlying circumstances of defendant's other convictions. These included two 1995 plea-bargained convictions for attempted assault in the third degree and criminal contempt in the second degree, and a 1999 conviction for criminal impersonation in the second degree. The three convictions allowed by County Court's *Sandoval* ruling are not too remote in time to be pertinent, the nature of the convictions and the underlying charges that they satisfied are probative of defendant's credibility and honesty, and none of the crimes prejudicially suggest a propensity to commit the sex crimes for which defendant was being tried. While County Court might have articulated its reasoning more thoroughly, our review of the record reveals that the ruling was made in a proper exercise of discretion and was not an abuse thereof (*see People v Hayes*, 97 NY2d 203, 208 [2002]; *People v Walker*, 83 NY2d 455, 458-459 [1994]; *People v Sandoval*, 34 NY2d 371, 376-377 [1974]).

In support of his contention that the verdict was against the weight of the evidence, defendant argues that the verdict rested almost exclusively on the testimony of the victim, and he contends that she was intoxicated and that her uncorroborated account of their encounter is implausible and entitled to little if any weight. We disagree. While the victim conceded to having consumed a considerable amount of alcohol prior to the incident, her recollection of the events was clear and her testimony was not materially inconsistent from that of other witnesses and evidence. In reviewing the weight of the evidence, "[i]f based on all the credible evidence a different finding would not have been unreasonable, then [we must] . . . 'weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony' " (*People v Bleakley*, 69 NY2d 490, 495 [1987], quoting *People ex rel. MacCracken v Miller*, 291 NY 55, 62 [1943]; *see People v Morey*, 304 AD2d 855, 856 [2003], *lv denied* 100 NY2d 564 [2003]). Inconsistencies in the evidence relating to the timing of events that evening, as well as other claimed inconsistencies between the victim's testimony and other evidence, created credibility issues for the jury to determine (*see People v Love*, 307 AD2d 528, 530 [2003], *lv denied* 100 NY2d 643 [2003]). Viewing the evidence in the neutral light to which it is entitled (*see*

*People v Rivera*, 281 AD2d 702, 703 [2001], *lv denied* 96 NY2d 805 [2001]) while giving due deference to the jury's personal observation of the testimony of the witnesses (*see People v Bleakley, supra* at 495; *People v Harris*, 274 AD2d 837, 840 [2000], *lv denied* 95 NY2d 935 [2000]), we conclude that the verdict was not against the weight of the evidence.

Finally, we reject defendant's argument that his sentence was harsh and excessive. Where, as here, the sentence falls within the permissible statutory limits and there is neither an abuse of discretion by the sentencing court or extraordinary circumstances, intervention by this Court is not warranted (*see People v Ross*, 7 AD3d 821, 823 [2004], *lv denied* 3 NY3d 662 [2004]; *People v Brodus*, 307 AD2d 643, 644 [2003], *lv denied* 100 NY2d 618 [2003]; *People v Varlack*, 290 AD2d 647, 648 [2002], *lv denied* 97 NY2d 762 [2002]).

Peters, Spain, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed.