■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT BONELLI, JR., Appellant. [837 NYS2d 434]—

Carpinello, J. Appeal from a judgment of the Supreme Court (Kavanagh, J.), rendered May 19, 2006 in Ulster County, convicting defendant upon his plea of guilty of the crimes of assault in the first degree (two counts), criminal use of a firearm in the first degree (two counts), assault in the second degree, criminal possession of a weapon in the fourth degree, reckless endangerment in the first degree (five counts), criminal mischief in the second degree (six counts) and criminal mischief in the third degree.

Defendant pleaded guilty to an 18-count indictment charging him with various counts of assault in the first degree, criminal use of a firearm in the first degree, assault in the second degree, criminal possession of a weapon in the fourth degree, reckless

endangerment in the first degree, criminal mischief in the second degree and criminal mischief in the third degree. He was sentenced to an aggregate term of 32 years in prison. All charges stemmed from an incident that occurred on February 13, 2005, when defendant entered a crowded Ulster County shopping mall with a semiautomatic assault rifle and engaged in a nine-minute shooting rampage. Two people were wounded in the incident before defendant ran out of ammunition and was apprehended.

Initially, defendant's claim of ineffective assistance of counsel as it relates to the knowing and voluntary nature of his plea is not preserved for our review, since defendant neither moved to withdraw his plea nor to vacate the judgment of conviction (*see People v Lopez*, 71 NY2d 662, 665 [1988]; *People v Douglas*, 38 AD3d 1063, 1063 [2007]; *People v Jones*, 30 AD3d 633, 633 [2006], *lv denied* 7 NY3d 849 [2006]). To the extent that his claim pertains to alleged deficiencies in counsel's investigation of his case, his arguments are more properly the subject of a CPL article 440 motion (*see People v Douglas, supra* at 1064; *People v Swartz*, 23 AD3d 917, 918 [2005], *lv denied* 6 NY3d 818 [2006]).

Were we to consider this issue, however, we would find that, under the circumstances of this case, which include hundreds of eyewitnesses to the attack and defendant's detailed confession to police, the failure to make pretrial motions does not constitute ineffective assistance of counsel (*see People v Rivera*, 71 NY2d 705, 709 [1988]). Furthermore, counsel is not required to pursue a potentially futile endeavor (*see People v Caban*, 5 NY3d 143, 152 [2005]; *People v Murray*, 7 AD3d 828, 830-831 [2004], *lv denied* 3 NY3d 679 [2004]; *People v Vecchio*, 228 AD2d 820, 821 [1996]). Moreover, defendant has failed to demonstrate the absence of a tactical or other legitimate explanation for counsel's decision (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Garcia*, 75 NY2d 973, 974 [1990]; *People v Chrysler*, 6 AD3d 812, 813 [2004]). In light of the overwhelming evidence of defendant's guilt, defense counsel's strategy may well have been to plead guilty and attempt to secure a favorable sentence. Indeed, counsel called sympathetic witnesses at the sentencing, emphasized defendant's troubled background and his alleged remorse and acceptance of responsibility for his actions, and vigorously attempted to persuade Supreme Court to impose the minimum sentence. Viewing the evidence, the law and the circumstances of this case in their totality, we conclude that defendant received meaningful representation (*see People v Henry*, 95 NY2d 563, 565 [2000]).

Next, we reject defendant's contention that he was incorrectly sentenced. Supreme Court properly imposed consecutive sentences for defendant's conviction of assault in the second degree and convictions of criminal use of a firearm in the first degree, as these crimes were committed through separate and distinct acts (*see People v Maloy*, 36 AD3d 1017, 1020 [2007]; *People v Summers*, 20 AD3d 546, 547 [2005], *lv denied* 5 NY3d 833 [2005]).

Finally, we are not persuaded that defendant received a harsh and excessive sentence. Given the depraved and terroristic nature of his actions, which exposed large numbers of bystanders to grave risk of injury or death and seriously wounded two of them, we find no abuse of discretion in the sentence imposed (*see People v Bozydaj*, 14 AD3d 791, 792 [2005], *lv denied* 4 NY3d 884 [2005]; *People v Trimm*, 295 AD2d 640, 642-643 [2002], *lv denied* 98 NY2d 732 [2002]). We have reviewed defendant's claims of, among other things, parental neglect, substance abuse and psychiatric problems, as well as the fact that he has no prior felony convictions, and find that none of these factors constitutes extraordinary circumstances which would warrant modification of the sentence in the interest of justice (*see People v Dedmon*, 10 AD3d 738, 739 [2004], *lv denied* 3 NY3d 756 [2004]; *People v Ward*, 282 AD2d 819, 823-824 [2001], *lv denied* 96 NY2d 942 [2001]).

Cardona, P.J., Peters, Spain and Kane, JJ., concur. Ordered that the judgment is affirmed.