■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK A. LABARGE, Appellant. [914 NYS2d 424]—

Lahtinen, J. Appeal from a judgment of the Supreme Court (Lawliss, J.), entered October 19, 2009 in Clinton County, upon a verdict convicting defendant of the crime of criminal contempt in the second degree.

Defendant and his former spouse (hereinafter the victim) allegedly engaged in a heated exchange over the phone regarding their two children. At the time of this conversation, there had been in effect for over two years an order of protection prohibiting defendant—who had been convicted of assault in the third degree and endangering the welfare of a child—from going

within 1,000 feet of the victim or her home, directing him to surrender all firearms, and requiring him to refrain from, among other things, threatening the victim. During the course of their phone argument, defendant allegedly shouted, "You can't take the boys from me," and then angrily added, "How about a shotgun to the face?" The victim reported the incident to police, resulting in defendant being charged with criminal contempt in the second degree for violating the order of protection by threatening the victim. He was found guilty following a jury trial and sentenced to 10 months in jail, and he now appeals.

We affirm. Defendant contends that the verdict was against the weight of the evidence. Since a different finding would not have been unreasonable, we must "weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony" (*People v Tirado*, 19 AD3d 712, 713 [2005], *lv denied* 5 NY3d 810 [2005] [internal quotation marks and citations omitted]). The victim testified about the circumstances surrounding the dispute, the ensuing phone conversation, and defendant making the "shotgun to the face" threat "very loudly" in a tone she characterized as "very angry." Her current husband, who was sitting next to her during the phone conversation, claimed that he could hear defendant, and his testimony was consistent with the victim's version of events. Defendant testified in his own defense. He denied making the threatening statement and asserted that, in fact, he remained calm during the entire conversation and it was only the victim who was yelling. Defendant's current girlfriend testified that she was in the room with defendant at the time and related a version of events essentially consistent with his testimony. Both defendant and the victim had some inconsistencies between trial testimony and earlier statements about the incident, and the jury was made aware of some of the prior criminal convictions of defendant and the victim's current husband. The jury was faced with credibility issues and resolved those issues against defendant. We accord great deference to the jury's credibility determinations in light of its opportunity to view the witnesses as they testified (*see People v Romero*, 7 NY3d 633, 644 [2006]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon weighing and considering the evidence, we are unpersuaded that the verdict should be set aside as against the weight of the evidence.

Defendant also asserts that his statement was a constitutionally protected expression of anger. This issue was not raised before Supreme Court and thus was not preserved for review

(*see People v Sims*, 57 AD3d 1106, 1109 [2008], *lv denied* 12 NY3d 762 [2009]). In any event, the assertion is unavailing since this case involves engaging in conduct violating the specific terms of an existing protective order put in place to protect named individuals from such conduct as a result of earlier domestic violence (*see e.g. People v Brown*, 13 AD3d 667, 668 [2004], *lv denied* 4 NY3d 742 [2004]; *State v Doyle*, 18 Neb App 495, 500-503, 787 NW2d 254, 258-260 [2010]; *State v Boyle*, 771 NW2d 604, 606-607 [ND 2009]; *Com. v Thompson*, 45 Mass App Ct 523, 524-525, 699 NE2d 847, 849 [1998]; *State v Mott*, 166 Vt 188, 194-195, 692 A2d 360, 365 [1997]).

Spain, J.P., Kavanagh, Stein and Garry, JJ., concur. Ordered that the judgment is affirmed.