People v Tschorn (2018 NY Slip Op 05640)





People v Tschorn


2018 NY Slip Op 05640


Decided on August 2, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: August 2, 2018


[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent, 
v
BRIAN TSCHORN, Appellant.

Calendar Date: May 31, 2018

Before: Garry, P.J., Egan Jr., Mulvey, Aarons and Rumsey, JJ.


David Kleban, New York City, for appellant.
J. Anthony Jordan, District Attorney, Fort Edward (Joseph A. Frandino of counsel), for respondent.



MEMORANDUM AND ORDER
Aarons, J.
Appeal from a judgment of the County Court of Washington County (McKeighan, J.), rendered January 13, 2017, convicting defendant upon his plea of guilty of the crimes of reckless endangerment in the first degree, criminal mischief in the fourth degree and prohibited use of weapons.
In July 2016, defendant was indicted and charged with reckless endangerment in the first degree, criminal mischief in the fourth degree and prohibited use of weapons. The charges stemmed from an incident that occurred approximately one month earlier when defendant and his wife, who then were staying at a family member's residence in rural Washington County, awoke late at night to an alarm that had been triggered on the driveway leading to the residence. Although differing accounts of the ensuing incident were offered, defendant admittedly fired multiple rounds from his .22 caliber rifle in the direction of the pick-up truck that he encountered in his driveway. Plea negotiations followed and, when no agreement could be reached, defendant agreed to plead to the entire indictment without any promise as to sentencing. After accepting defendant's plea, County Court adjourned the matter for sentencing. Following review of the parties' extensive presentencing submissions, County Court imposed the maximum prison term — 2&frac13; to 7 years — upon defendant's conviction of reckless endangerment in the first degree and concurrent prison terms upon the remaining counts of the indictment. Defendant now appeals, contending only that the sentence imposed was harsh and excessive.
We affirm. "A sentence that falls within the permissible statutory range will not be disturbed unless it can be shown that the sentencing court abused its discretion or extraordinary circumstances exist warranting a modification" (People v Miller, 160 AD3d 1040, 1044 [2018] [internal quotation marks and citations omitted]; see People v Cole, 150 AD3d 1476, 1482 [2017]). Notwithstanding the presence of certain mitigating factors, the fact remains that defendant admittedly fired multiple shots at the pick-up truck that he encountered in his driveway — without any regard for the truck's occupant and/or the potentially life-threatening consequences of such actions — and that he continued firing his weapon until all of the shells were expended. Indeed, according to the letter authored by the 71-year-old victim, which was read into the record at sentencing, defendant continued to fire in the direction of the victim's truck even as the victim "sped away" and exited defendant's property. Accordingly, we discern no basis upon which to disturb the sentence imposed (see People v Levy, 52 AD3d 1025, 1028-1029 [2008]; People v Bonelli, 41 AD3d 972, 974 [2007], lv denied 9 NY3d 921 [2007]).
Garry, P.J., Egan Jr., Mulvey and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.