People v Saunders (2020 NY Slip Op 01667)





People v Saunders


2020 NY Slip Op 01667


Decided on March 12, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 12, 2020

109351

[*1]The People of the State of New York, Respondent,
v
Theresa M. Saunders, Appellant.

Calendar Date: January 8, 2020

Before: Egan Jr., J.P., Lynch, Clark, Aarons and Reynolds Fitzgerald, JJ.


Michael P. Graven, Owego, for appellant.
Michael A. Korchak, District Attorney, Binghamton (Stephen D. Ferri of counsel), for respondent.



Clark, J.
Appeal from a judgment of the County Court of Broome County (Dooley, J.), rendered March 24, 2017, upon a verdict convicting defendant of the crimes of criminal trespass in the third degree, criminal mischief in the third degree and criminal mischief in the fourth degree (two counts).
In May 2016, defendant and her codefendant, Marvin M. Saunders,[FN1] rented an apartment in a multi-unit apartment building in the Town of Union, Broome County. Based upon allegations that — acting in concert with one another and at least one other person — they unlawfully broke into the building's garage and caused damage to the garage door and personal property belonging to other tenants in the building, defendant and Saunders were jointly charged by indictment with one count of burglary in the third degree, one count of criminal mischief in the third degree and two counts of criminal mischief in the fourth degree. Following a joint jury trial, defendant was convicted of one count of criminal trespass in the third degree, which County Court had charged as a lesser included offense of burglary in the third degree, one count of criminal mischief in the third degree and two counts of criminal mischief in the fourth degree.[FN2] Defendant was thereafter sentenced to a one-year conditional discharge for criminal trespass in the third degree, five years of probation for criminal mischief in the third degree and four months of intermittent incarceration on each conviction of criminal mischief in the fourth degree, all to run concurrently.[FN3] Defendant appeals, solely arguing that the verdict was against the weight of the evidence.
In conducting a weight of the evidence review, this Court must determine whether, based upon all of the credible evidence, a different finding would have been unreasonable and, where it would not have been unreasonable, weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony to determine if the verdict is supported by the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]; People v Bleakley, 69 NY2d 490, 495 [1987]). As relevant here, "[a] person is guilty of criminal trespass in the third degree when he [or she] knowingly enters or remains unlawfully in a building or upon real property . . . which is fenced or otherwise enclosed in a manner designed to exclude intruders" (Penal Law § 140.10 [a]). "A person is guilty of criminal mischief in the third degree when, with intent to damage property of another person, and having no right to do so nor any reasonable ground to believe that he or she has such right, he or she . . . damages property of another person in an amount exceeding [$250]" (Penal Law § 145.05 [2]). Further, "[a] person is guilty of criminal mischief in the fourth degree when, having no right to do so nor any reasonable ground to believe that he or she has such right, he or she . . . [i]ntentionally damages property of another person" (Penal Law § 145.00 [1]). Lastly, "[w]hen one person engages in conduct which constitutes an offense, another person is criminally liable for such conduct when, acting with the mental culpability required for the commission thereof, he [or she] solicits, requests, commands, importunes, or intentionally aids such person to engage in such conduct" (Penal Law § 20.00).
The victims — a couple who rented an apartment in the building — each testified that, based upon an agreement with the property owner, they paid $25 a month for exclusive use of the garage and that neither defendant nor Saunders had permission to use or enter the garage on the day in question. They testified that they kept the garage secured at all times and that they stored various items inside, including their car and a dirt bike. The male victim testified that, on the day of the incident, he heard yelling outside and, upon investigation, observed defendant, Saunders and two other individuals standing near the garage, attempting to break in. Specifically, he testified that one unidentified male was striking the lock with a golf club, that both defendant and Saunders were throwing rocks at the garage and that Saunders pried the lock off of the garage door with a screwdriver. The male victim stated that he then saw defendant, Saunders and the unidentified male enter the garage and thereafter heard "the pressure of air," which he later concluded was the sound of air escaping from tires. Although the male victim was the only person who witnessed defendant and Saunders' entry into the garage, his account was corroborated in many respects by testimony from the female victim and her mother, who each stated that they heard defendant and Saunders yelling outside.[FN4] The female victim also testified to seeing defendant walk up the building's back stairs after the incident. The victims, as well as a police officer who responded to 911 calls reporting the disturbance, testified that they observed damage to the garage door, including broken windows, and that tires on the victims' car and dirt bike were slashed. The property manager testified that the damage to the garage door was well in excess of $250.
Counsel for defendant and Saunders brought out various inconsistencies in the victims' testimony, 911 calls and statements to the police. In addition, Saunders presented evidence raising questions as to the exclusivity of the victims' access to and use of the garage, as well as defendant's presence at the scene and involvement in the alleged crimes. Thus, it would not have been unreasonable for the jury to have reached a different verdict. However, these matters presented credibility issues for the jury, which the jury ultimately resolved against defendant. When we view the evidence in a neutral light and defer to the jury's credibility determinations (see People v LaBarge, 80 AD3d 892, 893 [2011], lv denied 17 NY3d 797 [2011]), we find that the verdict is amply supported by the weight of the evidence (see People v Fancher, 116 AD3d 1084, 1085-1087 [2014]; People v Bush, 75 AD3d 917, 918-919 [2010], lv denied 15 NY3d 919 [2010]). Accordingly, we will not disturb the judgment of conviction.
Egan Jr., J.P., Lynch, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: Saunders is defendant's brother-in-law.

Footnote 2: Saunders was convicted as charged.

Footnote 3: Defendant was initially sentenced to 90 days of intermittent incarceration for her conviction of criminal trespass in the third degree, but that sentence was later modified to a one-year conditional discharge.

Footnote 4: The male victim's testimony was also corroborated in part by testimony from defendant's daughter, who testified on behalf of Saunders.