■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PELLMO COLEMAN, Appellant.—Kane, J. P. Appeal from a judgment of the County Court of Columbia County (Leaman,

J.), rendered May 10, 1984, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree.

Defendant was indicted for two counts of the crime of criminal sale of a controlled substance in the third degree. At the ensuing trial, Russell S. Crawford, a trooper with the Narcotics Unit of the State Police, testified that on July 8, 1983 he was involved in an undercover role in an investigation of narcotics trafficking in and around the City of Hudson, Columbia County. On that date, he picked up a confidential informant in Greene County and they drove to Hudson. After picking up two other passengers and driving around Hudson for a couple of hours, Crawford drove the car down an alleyway where defendant was working on an automobile.

After Crawford stopped the car, the confidential informant called defendant over to the car. After a brief conversation concerning the availability of "boy" (heroin), a sale occurred. Crawford gave defendant $10 and the informant gave defendant money she had received from the other two passengers. Defendant then gave the informant three glassine bags which contained a white powder. Crawford took one of these bags, and subsequent chemical analysis revealed that the white powder was heroin.

At about 8:30 P.M. the same day, Crawford observed defendant standing on a corner with two other men. Crawford testified that he again purchased a $10 bag of heroin from defendant at this time. Laboratory tests verified that the contents of the bag were heroin.

Defendant was the only witness called by the defense. He denied that he had ever sold drugs and testified that he had never seen Crawford prior to the trial. He admitted that he might have been in the alleyway working on a car during the afternoon of July 8, 1983. He denied, however, being in the area where Crawford alleged that he bought heroin from him at 8:30 P.M. that same day. The jury found defendant guilty of the first count of criminal sale of a controlled substance in the third degree, i.e., the afternoon sale. Defendant was found not guilty of the second count of the indictment, i.e., the evening sale. Defendant was ultimately sentenced to a term of imprisonment with a minimum of 6 years and a maximum of 20 years. This appeal ensued.

Defendant contends that his conviction must be reversed since the verdict was repugnant. Defendant contends that since Crawford testified to having purchased heroin from him

on two occasions, but the jury only found him guilty of selling heroin on one occasion, the jury treated Crawford's testimony in an inconsistent fashion, rendering the verdict repugnant. This contention must be rejected. Since the two counts of the indictment charged defendant with selling heroin at *two* separate times, they each involved different elements. The verdict, therefore, cannot be said to be repugnant *(see, People v Satloff,* 82 AD2d 896, 897, *affd* 56 NY2d 745).

The sentence received by defendant was within the sentencing court's discretion and should not be altered. We have reviewed defendant's remaining contentions concerning prosecutorial misconduct and certain remarks made by Crawford during cross-examination and find that error, if any, did not provide a basis for reversal. The judgment should be affirmed.

Judgment affirmed. Kane, J. P., Main, Yesawich, Jr., Levine and Harvey, JJ., concur.