■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. HAROLD L. FERGUSON, Appellant, v JAMES CAMPBELL, as Sheriff of Albany County, Respondent.—Appeal from a judgment of the County Court of Albany County (Keegan, J.), entered June 10,

1991, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 70, after a hearing.

Petitioner commenced this habeas corpus proceeding claiming that the indictments against him should be dismissed and he should therefore be released from jail because he has not been tried within the six-month period of CPL 30.30 (1) (a). As County Court noted, however, the statute does not require that a defendant be tried within the six-month period, only that the People state their readiness for trial within that time. Court congestion cannot be used to penalize the People if the trial itself is delayed (see, People v Kendzia, 64 NY2d 331, 337-338; People ex rel. Franklin v Warden, 31 NY2d 498, 501-504; People v Giordano, 81 AD2d 1003, affd 56 NY2d 524). The record in this case indicates that the People announced their readiness for trial within six months of the filing of the accusatory instruments (see, People v Ki Rhee, 111 AD2d 655, 656) and, therefore, there has been compliance with the requirements of CPL 30.30 (1) (a) (see, People v Giordano, 56 NY2d 524, supra; People v Battles, 77 AD2d 405, 407; see also, General Construction Law § 30). Finally, there is no indication in the record that the People have not been continually ready for trial since that time (see, People v Ki Rhee, supra, at 656; compare, People v Anderson, 66 NY2d 529). County Court properly determined that petitioner was not entitled to dismissal of the indictments under CPL 30.30.

Mahoney, P. J., Weiss, Yesawich Jr., Crew III and Harvey, JJ., concur. Ordered that the judgment is affirmed, without costs.