■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN HART, Appellant. [698 NYS2d 72] —Graffeo, J. Appeal from a judgment of the County Court of Chemung County (Buckley, J.), rendered July 27, 1998, upon a verdict convicting defendant of the crimes of assault in the second degree, crimi-

nal possession of a weapon in the second degree and criminal possession of marihuana in the fourth degree.

In the early morning of September 24, 1997 two individuals attempted to steal what was purported to be marihuana plants growing in defendant's barn, which was located a short distance from defendant's residence. When defendant was awakened by the sound of the intruders' automobile, he retrieved a handgun and exited his trailer. The two intruders, who were in the process of prying open the barn door with a crowbar, retreated to their automobile upon seeing defendant. As they drove away, defendant shot at least five times, with three of the shots striking the driver of the car. Shortly thereafter, the State Police were summoned and defendant was arrested. At the conclusion of his trial, defendant was found guilty of assault in the second degree, criminal possession of a weapon in the second degree and criminal possession of marihuana in the fourth degree. He was acquitted of assault in the first degree. Defendant was sentenced to concurrent prison terms of 3 to 6 years for the assault, 3½ to 7 years for the weapons charge and one year for the marihuana conviction.

Defendant now appeals, primarily contending that the jury's verdict was inconsistent. Although defendant failed to preserve this contention for appellate review before the jury was discharged (*see, People v Alfaro*, 66 NY2d 985, 987), were we to consider his argument we would disagree. A verdict may be deemed inconsistent only where an essential element of the crime for which defendant was acquitted was contained in the charge for which he or she was convicted (*see, People v Brown*, 243 AD2d 749; *People v Miller*, 199 AD2d 692, *lv denied* 82 NY2d 928). Here, the finding of guilt pertaining to criminal possession of a weapon in the second degree was not inconsistent with the acquittal of assault in the first degree. As pertinent to this case, a person commits assault in the first degree when he or she intentionally causes serious injury to another by means of a deadly weapon or a dangerous instrument (Penal Law § 120.10 [1]), while criminal possession of a weapon in the second degree contemplates the possession of a loaded firearm with the intent to use it unlawfully against another (Penal Law § 265.03). The acquittal of the former clearly did not negate the elements of the latter because one can intend to use a weapon unlawfully against another without necessarily intending to inflict serious physical injury on that person (*see, People v Rust*, 233 AD2d 778, 780, *lv denied* 89 NY2d 988; *People v Garcia*, 194 AD2d 1011, 1012-1013, *lv denied* 82 NY2d 895; *see also, People v Vitta*, 220 AD2d 468, 469, *lv denied* 87

NY2d 852; *People v Bebee*, 210 AD2d 243; *People v Coleman*, 123 AD2d 440, 441, *appeal dismissed* 69 NY2d 826).

In addition, we find no inconsistency in the jury having found defendant guilty of assault in the second degree. The court charged the jury with regard to Penal Law § 120.05 (4) that an individual is guilty of assault in the second degree when he or she recklessly causes serious physical injury to another by means of a deadly weapon. Hence, the jury found defendant to have intended to use the gun unlawfully and did so by recklessly, but not intentionally, causing injury to another. Because there exists a rational theory to support each verdict, we find no reason to disturb the jury's determination (*see, People v Leon*, 163 AD2d 740, 741, *lv denied* 77 NY2d 879).

We further reject defendant's assertion that his sentence was harsh and excessive in light of the fact that it was less than the harshest allowed and there is no manifestation that County Court abused its discretion or that extraordinary circumstances warrant a modification (*see, People v Parson*, 209 AD2d 882, 884, *lv denied* 84 NY2d 1014).

Mercure, J. P., Crew III, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed.