◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN S. LOCKENWITZ, Also Known as DUKE, Appellant. [731 NYS2d 674] —Crew III, J. P. Appeal from a judgment of the County Court of Columbia County (Czajka, J.), rendered April 7, 1999, convicting defendant upon his plea of guilty of the crimes of criminal sale of a controlled substance in the second degree (nine counts) and criminal possession of a controlled substance in the third degree (five counts).

Defendant challenges the severity of the sentence, which includes nine consecutive indeterminate prison terms of 3 years to life imposed upon his plea of guilty of nine counts of criminal sale of a controlled substance in the second degree, with an aggregate term of 27 years to life.* Criminal sale of a controlled substance in the second degree is a serious crime that has a significant adverse impact upon the community, and defendant admitted during the presentence investigation that he was involved as an intermediary between street level dealers and large suppliers in an ongoing family cocaine trafficking enterprise. Accordingly, a lengthy period of incarceration was warranted, as was a harsher sentence than those imposed upon the two codefendants who acted as defendant's couriers.

---

* The remaining sentences imposed upon defendant's plea to five drug possession counts run concurrently with each other and with the sentences on the drug sale counts.

Nevertheless, we are of the opinion that this is an appropriate case for the exercise of our authority to modify the sentence in the interest of justice (see, CPL 470.15 [6] [b]). First, we note that County Court, in imposing this extremely severe sentence, relied, in large part, upon the conclusion that there was no likelihood that defendant could be rehabilitated. We find absolutely no record evidence to support such a conclusion. Accordingly, considering defendant's age, the absence of any prior convictions involving the sale or possession of drugs or any prior felony convictions, the absence of violence and defendant's acknowledgment of responsibility for his criminal conduct, we are persuaded that the sentence should be modified by reducing the aggregate indeterminate prison term to 15 years to life (see, People v Sheppard, 273 AD2d 498, 500, lv denied 95 NY2d 908; People v Davis, 267 AD2d 597, 598-599; People v Sturgis, 202 AD2d 808, 810, lv denied 84 NY2d 833).

Peters, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by directing that the prison sentences imposed upon defendant's conviction under counts 11, 13, 15 and 17 be served concurrently with each other and with the remaining sentences, and, as so modified, affirmed.