(February 28, 2002)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIE LONG, Appellant. [738 NYS2d 721] —Cardona, P.J. Appeals (1) from a judgment of the County Court of Albany County (Breslin, J.), rendered February 21, 1997, upon a verdict convicting defendant of the crimes of assault in the first degree (two counts) and criminal possession of a weapon in the second degree, and (2) by permission, from an order of said court, entered January 30, 2001, which denied defendant's motion pursuant to CPL 440.20 to set aside the sentence, without a hearing.

Following a jury trial, defendant was convicted of two counts of assault in the first degree for the May 1, 1995 shootings of Regina Monell and Robert Temple in the vicinity of the TC Club on Swan Street in the City of Albany. Defendant was also convicted of criminal possession of a weapon in the second degree. County Court sentenced defendant to consecutive indeterminate terms of 5 to 15 years' imprisonment on each assault conviction and a concurrent indeterminate term of 5 to 15 years' imprisonment on the criminal possession of a weapon conviction.

Thereafter, County Court denied defendant's pro se motion to set aside the sentence pursuant to CPL 440.20. Although defendant appeals from both the judgment of conviction and the order denying the CPL 440.20 motion, her failure to address any issues pertaining to the denial of her CPL 440.20 motion constitutes an abandonment of the appeal from that order (*see, Matter of Randy K. v Evelyn ZZ.*, 263 AD2d 624, 624 n 2). Accordingly, we address only the arguments raised on the appeal from the judgment of conviction.

Defendant first contends that County Court erred in permitting Ivetta Parson to testify at trial that she was shot by defendant at the same time as Monell, and that she saw defendant fire a gun. Since defendant was never charged with shooting Parson, defendant argues that the evidence of the uncharged crime was highly prejudicial and violative of County Court's pretrial *Ventimiglia* ruling. That ruling permitted Parson to testify to the events leading up to the shooting of Monell and Temple, but not about defendant's possession of the gun or Parson being shot herself. However, defendant failed to object to Parson's testimony and, therefore, did not preserve this issue for appellate review (*see,* CPL 470.05 [2]; *People v Marzug*, 280 AD2d 974, *lv denied* 96 NY2d 904).

Next, defendant argues that there was insufficient evidence to support her conviction for assault in the first degree for shooting Temple. Temple, whose whereabouts were apparently unknown at trial, did not testify. Defendant argues, therefore, that there was no direct proof identifying her as the shooter. When evidence of a crime is claimed to be legally insufficient, we view it " 'in a light most favorable to the People * * * to determine whether there is a valid line of reasoning and permissible inferences from which a rational jury could have found the elements of the crime proved beyond a reasonable doubt' " (*People v Acosta*, 80 NY2d 665, 672, quoting *People v Steinberg*, 79 NY2d 673, 681-682).

Monell testified that, at the time she was shot she observed

that Temple, a bystander, had also been shot. Charles Traynham testified that he spoke with Temple on the steps of a house on Swan Street in the vicinity of the TC Club just prior to the shootings. Traynham indicated that he left Temple and entered a nearby store when he heard four or five gunshots. After the shooting stopped, he emerged from the store and Temple called out to him that he had been shot. Traynham observed that Temple was bleeding from his arm and drove him to the hospital. Ralph Darling, a vascular surgeon, testified that Temple sustained a life-threatening gunshot wound to the major artery of his right arm. Albany Police Department Forensic Detective Keith Carroll indicated that seven 9mm shell casings were recovered from the area of the sidewalk where defendant was seen standing during the shooting.

Assault in the first degree, as pertinent here, occurs when a person "[u]nder circumstances evincing a depraved indifference to human life * * * recklessly engages in conduct which creates a grave risk of death to another person, and thereby causes serious physical injury to another person" (Penal Law § 120.10 [3]). Viewing the evidence in the light most favorable to the prosecution, we find that the testimonies of Monell, Traynham, Darling and Carroll provided a valid line of reasoning and permissible inferences from which any rational trier of fact could find defendant guilty beyond a reasonable doubt of all the essential elements of the crime of assault in the first degree (*see, People v Hughes*, 287 AD2d 872, 877, *lv denied* 97 NY2d 656; *see also, People v Williams*, 84 NY2d 925; *People v Contes*, 60 NY2d 620).

Defendant next contends that the jury verdict, finding her guilty of assault in the first degree for shooting Temple (count three) while at the same time acquitting her of criminal possession of a weapon in the second degree with intent to use the same against Temple (count five), is repugnant. A repugnant or inconsistent verdict occurs "where the defendant is convicted of an offense containing an essential element that the jury has found the defendant did not commit (*see,* CPL 300.30 [5] ['(t)wo counts are "inconsistent" when guilt of the offense charged in one necessarily negates guilt of the offense charged in the other'])" (*People v Trappier*, 87 NY2d 55, 58). Defendant reasons that she cannot be guilty of shooting Temple if the jury also determined that she did not possess a gun. However, it is equally possible that the verdict resulted from the jury's assessment that, although she possessed a loaded handgun, she did not have the intent to use it unlawfully against Temple (*see,* Penal Law § 265.03 [2]). The jury could have determined

that she acted *recklessly* by creating a grave risk of death to Temple causing serious physical injury (*see*, Penal Law § 120.10 [3]). Therefore, "[t]he acquittal of the former * * * did not negate [any] elements of the latter" (*People v Hart*, 266 AD2d 584, 585, *lv denied* 94 NY2d 903). Where, as here, a rational theory exists to support each verdict, the jury's determination will not be disturbed (*see*, *id.* at 585).

We next turn to defendant's claim that she was denied a fair trial when, during its charge to the jury, County Court misread count three of the indictment stating that Temple had received "a bullet wound to the right side of his head," rather than "to the right side of his chest." Defendant failed to object to the court's charge and, therefore, that error has not been preserved for review (*see*, CPL 470.05 [2]). In any event, were we to address the issue, we would find it without merit since all other trial references to Temple's wound correctly characterized its nature.

Finally, we find no merit to defendant's contention that her sentence was harsh and excessive. She fired seven shots wounding several people, took no responsibility for her actions and showed no remorse for the injuries she inflicted. Under the circumstances, we cannot say that County Court abused its sentencing discretion nor do we find extraordinary circumstances warranting modification in the interest of justice (*see*, CPL 470.15 [6] [b]; *People v Hansen*, 290 AD2d 47).

Mercure, Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment and order are affirmed.