■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD R. SENESE, Appellant. [751 NYS2d 645] —Crew III, J.P. Appeal from a judgment of the County Court of Warren County (Austin, J.), rendered March 21, 2001, upon a verdict convicting defendant of the crime of criminal sale of marihuana in the third degree.

On April 10, 2000, James Clayberger was arrested and charged with grand larceny. At that time, he offered to assist local law enforcement with regard to drug trafficking in Warren County in exchange for favorable treatment as to the charge against him. Clayberger then was introduced to Investigator Brian Place of the Warren County Sheriff's Department, who immediately registered Clayberger as a confidential informant, obtained an informant number and began to discuss with Clayberger a potential buy of marihuana from defendant. Clayberger then arranged to meet defendant at 2:30 P.M. the following day in the OTB parking lot on Route 9 in the Town of Lake George, Warren County, for the purchase of 1½ ounces of marihuana for $150.

Prior to the buy, Clayberger met Place at the Sheriff's Department where Clayberger was searched for drugs, money and weapons. Place then personally searched Clayberger's vehicle for drugs, money and weapons and found none. Clayberger was given $150, whereupon he drove to the OTB parking lot followed by Place and two other unmarked vehicles. Place parked in the Glens Falls National Bank parking lot across the street from the OTB parking lot and observed Clayberger pull alongside defendant's car. Defendant was observed getting out of his car and into Clayberger's car, at which time the transaction took place. Place observed defendant return to his car and drive away and noted that he was the only occupant of the vehicle. Place then followed Clayberger's vehicle to the Department of Motor Vehicles parking lot where Clay-

berger gave Place a plastic bag containing a substance later determined to be 1½ ounces of marihuana. At that time, Place again searched Clayberger and his vehicle and found nothing.

Thereafter, Clayberger attempted to arrange another meeting with defendant for June 15, 2000 in order to purchase cocaine. Defendant was unable to meet with Clayberger at that time but subsequently left a phone message for Clayberger, stating that the "stuff is in the mailbox." Upon checking his mailbox, Clayberger found a glassine envelope containing cocaine, which he handed over to Place.

Finally, Clayberger arranged for a purchase of cocaine from defendant on June 16, 2000. After Place conducted a search of Clayberger and of his car, he followed Clayberger to the prearranged location where the sale was to take place. However, unlike the initial transaction, there were any number of people at the location and, additionally, the transaction took place inside a building and was unobserved by the police.

Defendant ultimately was arrested and charged with one count of criminal sale of marihuana in the third degree and two counts of criminal sale of a controlled substance in the third degree (cocaine). A jury trial ensued where, at the end of the People's case, defendant moved to dismiss for legally insufficient evidence—specifically for the failure of the prosecution to present any evidence as to the weight of the marihuana.* The People then moved to reopen their case, which motion was granted, and the People recalled the lab technician, who then testified that the marihuana weighed 41.06 grams. At the conclusion of defendant's case, summations and County Court's charge, the jury returned a verdict convicting defendant of the first count of the indictment charging him with criminal sale of marihuana in the third degree and acquitting him of the remaining two counts. Defendant appeals.

Initially, defendant contends that because the jury acquitted him on the two counts charging criminal sale of cocaine, the jury must have disbelieved Clayberger and, as a result, the conviction on the first count of the indictment is against the weight of the evidence. We disagree. It is axiomatic that when reviewing the weight of the evidence, we must view the evi-

---

* Defendant was charged in the first count of the indictment with criminal sale of marihuana in the third degree requiring proof that the marihuana had an aggregate weight of more than 25 grams. During the prosecution's case-in-chief, a lab technician testified regarding the procedures used in testing the marihuana and his opinion that the substance at issue was in fact marihuana, but he was not asked, and therefore did not testify, as to the weight thereof.

dence in a neutral light (*see People v Rivera*, 281 AD2d 702, 703, *lv denied* 96 NY2d 805), giving due deference to the factfinder's opportunity to assess witness credibility (*see People v Bleakley*, 69 NY2d 490, 495). In undertaking such review, if it is determined that based upon the credible evidence a different finding would not have been unreasonable, we must " 'weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony' " (*id.* at 495, quoting *People ex rel. MacCracken v Miller*, 291 NY 55, 62).

Here, we are of the view that with regard to the first count of the indictment charging defendant with criminal sale of marihuana, based upon the credible evidence a different finding indeed would have been unreasonable. This transaction was a tightly controlled buy following a thorough search by the police of the informant's person and his vehicle, the parties to the transaction were under continuous surveillance except for a few seconds and defendant, who was alone at the time, was seen getting into the informant's vehicle after which the informant had in his possession 1½ ounces of marihuana and no money. In contrast, the June 15, 2000 transaction was wholly uncontrolled and rested solely upon the testimony of the informant. And, while the June 16, 2000 transaction was a controlled buy, it was conducted in a building outside the presence and observation of the police where a number of other persons were congregating. Under the circumstances, the fact that the jury did not convict defendant of counts two and three of the indictment is not at all inconsistent with its determination that defendant was guilty of the first count of the indictment.

Next, defendant contends that County Court erred when it permitted the prosecution to reopen its case for the purpose of eliciting testimony as to the weight of the marihuana in question. Again, we disagree. While the order of trial in a criminal case is fixed by statute (*see* CPL 260.30), it is well established that the court may depart from the framework provided in the statute in the interest of justice and in its sound discretion (*see People v Harris*, 57 NY2d 335, 345-346, *cert denied* 460 US 1047). One such well recognized departure is the reopening of the prosecution's case in order to establish an element of an offense where the People inadvertently failed to present evidence in that regard, so long as the missing element "is simple to prove and not seriously contested, and reopening the case does not unduly prejudice the defense" (*People v Whipple*, 97 NY2d 1, 3). Here, the weight of the marihuana

was simple to prove, it was not seriously contested and there is no evidence of prejudice to defendant. Accordingly, County Court properly granted the People's motion to reopen.

Peters, Carpinello, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.

