■ The People of the State of New York, Respondent, v Aldinay Mendoza, Appellant. [752 NYS2d 437] —Rose, J. Appeal from a judgment of the County Court of Schenectady County (Eidens, J.), rendered March 23, 2000, upon a verdict convicting defendant of three counts of the crime of criminal possession of a controlled substance in the third degree.

Defendant was charged with three counts of criminal sale of a controlled substance in the third degree and three counts of criminal possession of a controlled substance in the third degree. The jury found defendant guilty on the counts of criminal possession and acquitted him on the counts of criminal sale. County Court thereafter sentenced defendant to 8⅓ to 25 years in prison on each count with the sentences to run consecutively. Contending that the jury's verdict was repugnant and his sentence excessive, defendant now appeals.

"A repugnant or inconsistent verdict occurs 'where the defendant is convicted of an offense containing an essential element that the jury has found the defendant did not commit (*see*, CPL 300.30 [5] ["(t)wo counts are 'inconsistent' when guilt of the offense charged in one necessarily negates guilt of the offense charged in the other"])' " (*People v Long*, 291 AD2d 720, 722, *lv denied* 98 NY2d 677, quoting *People v Trappier*, 87 NY2d 55, 58; *see People v Tucker*, 55 NY2d 1, 6; *People v Hart*, 266 AD2d 584, 585, *lv denied* 94 NY2d 903). In other words, we can determine whether or not a jury reached an "inherently self-contradictory verdict" only by looking at the jury charge in the record (*People v Tucker*, *supra* at 8). This limitation exists to prevent appellate courts from intruding into the "jury's deliberative process by speculating on how the jury perceived and weighed the evidence" (*id.* at 7).

As County Court correctly instructed the jury, a person commits criminal sale of a controlled substance in the third degree by knowingly and unlawfully selling a narcotic drug (*see* Penal Law § 220.39 [1]). By contrast, a person commits criminal possession of a controlled substance in the third degree when he or she knowingly and unlawfully possesses a narcotic drug with intent to sell it (*see* Penal Law § 220.16 [1]). Defendant's

acquittal on the former does not negate the elements of the latter, for a person can possess and intend to sell a narcotic drug, but not actually accomplish a sale (*see People v Ortiz*, 170 AD2d 396, 397, *lvs denied* 77 NY2d 998, 78 NY2d 1079). Also, the evidence supports County Court's denial of defendant's motion to set aside the verdict as inconsistent on the grounds that his possession of the heroin was proven by other circumstantial evidence and was not dependent on the confidential informant's testimony. Thus, it was not inherently irrational for the jury to have found the elements of criminal possession while discrediting the informant's testimony as to the sale (*see id.* at 397; *People v Coleman*, 120 AD2d 770, 771-772, *lv denied* 68 NY2d 810).

Finally, defendant challenges the severity of his sentence, which consisted of the maximum permissible term of imprisonment on each count of criminal possession (*see* Penal Law § 70.00 [2] [b]; [3] [b]). Running consecutively, those terms aggregate 25 to 75 years in prison. While aware that this period will be administratively reduced to a term of 15 to 30 years (*see* Penal Law § 70.30 [1] [e] [iii] [B]; *People v Sheppard*, 273 AD2d 498, 500, *lv denied* 95 NY2d 908), we nevertheless find it appropriate to further reduce the sentence in the interest of justice (*see* CPL 470.15 [6] [b]; *People v Delgado*, 80 NY2d 780) by directing that the terms imposed shall run concurrently (*see People v Harris*, 288 AD2d 610, 619, *lv granted* 97 NY2d 705; *People v Lockenwitz*, 287 AD2d 891, 892; *People v Sheppard*, *supra* at 500). This reduction is warranted by defendant's young age, the absence of any prior arrests or convictions other than his plea of guilty to a charge of attempted assault in the first degree during the pendency of the drug charges, the absence of violence in his drug offenses, and the fact that two of the drug possessions, though separate, occurred within 30 minutes of each other and all three of them involved the same informant.

Crew III, J.P., Carpinello, Mugglin and Kane, JJ., concur. Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by directing that the sentences imposed upon defendant's conviction of three counts of criminal possession of a controlled substance in the third degree be served concurrently with each other, and, as so modified, affirmed.