■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CAMBOUI PROVIDENCE, Appellant. [787 NYS2d 739]—

Spain, J. Appeal from a judgment of the County Court of Schenectady County (Eidens, J.), rendered July 25, 2003, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree (two counts).

Following a jury trial, defendant was convicted of two counts each of third degree criminal sale and possession of cocaine for undertaking two daytime sales of cocaine to undercover officers of the State Police's Community Narcotics Enforcement Team on November 19, 2002 outside a market in the City of Schenectady, Schenectady County. Shortly after the sales, defendant was identified by the undercover officers—who had transmitted an immediate description of the seller—as the person who approached their unmarked vehicle, removed 10 to 12 individually wrapped baggies of cocaine from his mouth and sold two of them to the officers for $20 each. The supervisor of the buy-bust operation, a senior investigator, observed the entire transaction and overheard it via a transmitter and, while keeping defendant under constant observation, directed the uniformed backup officers who arrested defendant and identified defendant as the seller. The previously photocopied buy money was confiscated from defendant. Defendant testified that he was standing outside the market, but claimed that another person with an appearance similar to his conducted the sale and that he came into possession of the buy money when he obtained change for a $50 bill from that person after the sale. Upon his convictions, defendant was sentenced by County Court to concurrent prison terms of 6 to 18 years. Defendant now appeals, and we affirm.

Defendant's principal contention on appeal is that the verdict

was contrary to the weight of evidence, which he argues failed to establish his identity as the seller, premised upon what we conclude are minor discrepancies between various officers' and the supervisor's descriptions of the seller's appearance and clothing. The witnesses' descriptions of the seller's clothing and appearance in this tightly controlled buy were, in fact, consistent and credible. In view of the prompt positive identifications of defendant as the seller by the undercover officers who observed him close up during the sales, as well as by their supervisor who, from a short distance, observed defendant without interruption at all times from the time of the sale to the time of the arrest—when he was found with the prerecorded buy money—we believe that a finding different from that reached by the jury indeed would have been unreasonable (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Senese*, 300 AD2d 754, 756 [2002]). Giving due deference to the jury's opportunity to assess witness credibility (*see id.*), we find no irrationality in its implied rejection of defendant's implausible mistaken identity defense and the verdict was fully supported by the weight of the credible evidence.

We have considered defendant's contentions in support of his request that his sentence be reduced in the interest of justice, but are not persuaded that there are extraordinary circumstances or that there was an abuse of discretion which would warrant such relief (*see People v Perkins*, 5 AD3d 801, 804 [2004], *lv denied* 3 NY3d 741 [2004]). Defendant's concurrent sentences are less than the maximum authorized sentence for these class B felonies (*see* Penal Law § 70.00 [2], [3]) and, despite his young age of 20 at the time of these offenses, he has an extensive criminal record, the nature of which does not support further leniency. Finally, participation in shock incarceration is a privilege, not a right, and County Court's declination of such a recommendation was rational and will not be disturbed (*see* Correction Law § 867 [2], [5]; *see also Matter of Gomez v Obot*, 170 AD2d 1036, 1037 [1991], *lv denied* 78 NY2d 856 [1991]).

Mercure, J.P., Peters and Rose, JJ., concur. Ordered that the judgment is affirmed.