■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER CLAYTON, Also Known as INDIO, Appellant. [793 NYS2d 233]—

Kane, J. Appeal from a judgment of the County Court of Schenectady County (Ryan, J.), rendered November 14, 2000, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree.

After a confidential informant allegedly purchased two separate bags of heroin in a controlled buy, defendant was charged with two counts each of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree. The jury convicted defendant of one count each of criminal possession of a controlled substance in the third and seventh degrees, relating to possession of the bag of heroin involved in the second transaction, and acquitted him of the remaining charges. Defendant moved, pursuant to CPL 330.30, to set aside the verdict as repugnant. The court denied the motion and sentenced defendant, as a second felony offender, to an aggregate prison term of 8 to 16 years. Defendant appeals.

Defendant contends that the verdict was against the weight of the evidence. Because a different outcome would not have been unreasonable, we are required to " 'weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testi-

mony' " (*People v Bleakley*, 69 NY2d 490, 495 [1987], quoting *People ex rel. MacCracken v Miller*, 291 NY 55, 62 [1943]; *People v King*, 265 AD2d 678, 679 [1999], *lv denied* 94 NY2d 904 [2000]). After viewing the evidence in a neutral light, giving due deference to the jury's credibility determinations (*see People v Rivera*, 281 AD2d 702, 703 [2001], *lv denied* 96 NY2d 805 [2001]), we must set this verdict aside because the jury failed to accord the evidence its proper weight (*see People v Bleakley, supra* at 495; *People v Richards*, 290 AD2d 584, 586 [2002], *lv denied* 98 NY2d 654 [2002]; *People v Ward*, 282 AD2d 819, 820 [2001], *lv denied* 96 NY2d 942 [2001]).

According to the informant—a drug addict who was promised to be paid a premium if she could make two drug purchases from defendant—when she entered the apartment, the tenant's brother asked how much she wanted and she told him one, meaning one bag of heroin. The brother went into another room and returned with defendant, who gave the informant a bag of heroin in exchange for money. A few minutes later, the informant stated that she wanted another bag. Defendant took another bag from his pocket and handed it to the informant in exchange for more money. The tenant of the apartment—a drug dealer herself who had a felony charge reduced to a misdemeanor prior to her testimony—testified in a similar fashion. The two transactions were also recorded on tape, although defendant's voice is never heard on the tape. At one point on the tape, a child in the apartment mentions defendant's nickname. Other than this mention by the child, defendant's presence in the apartment was established only by the testimony of these two women. Police officers testified that the informant, after exiting the apartment, turned over two bags of heroin that defendant allegedly sold her. Both the informant and the tenant also testified that defendant was present in, and sold drugs from, the apartment numerous times, possibly every day, during the month before this controlled buy. That testimony was resoundingly refuted by proof that defendant was incarcerated during that month and could not have been present in the apartment. Defendant, his mother and his sister all testified that defendant never left home that night, and they specifically remembered that night because it was defendant's birthday.

Under the circumstances and proof here, the possession of the second bag of heroin was coextensive with its sale. The women testified that defendant took the bag out of his pocket and handed it directly to the informant in exchange for money. If the jury resolved the witnesses' credibility by disbelieving the women's testimony that defendant sold heroin to the informant

at that time, there is no other proof that defendant possessed the same heroin that day. Consequently, we find the verdict to be against the weight of the evidence (*see People v Johnson*, 250 AD2d 1026, 1028-1029 [1998], *lv denied* 92 NY2d 899 [1998]).

Mercure, J.P., Crew III, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is reversed, on the law, and indictment dismissed.