■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AMY BAKER, Appellant. [804 NYS2d 492]—

Rose, J. Appeal from a judgment of the County Court of Clinton County (McGill, J.), rendered January 13, 2004, upon a verdict convicting defendant of the crime of endangering the welfare of a child.

Following a jury trial, defendant was acquitted of charges of rape in the second degree and sodomy in the second degree, as an accessory, and convicted of endangering the welfare of a child based on testimony that she asked her 12-year-old female cousin to have sexual relations with defendant's 19-year-old boyfriend.

On her appeal, defendant contends that the verdicts acquitting her of accessorial conduct on the rape and sodomy counts, but convicting her of endangering the welfare of a child, are inconsistent. Since she did not raise this point prior to the discharge of the jury when corrective action could have been taken, however, it was not preserved for our review (*see People v Alfaro*, 66 NY2d 985, 987 [1985]; *People v De Fayette*, 16 AD3d 708, 709 [2005], *lv denied* 4 NY3d 885 [2005]). In any event, were we to consider it, we would find it to lack merit. In response to the jury's inquiry, County Court specifically charged the jury that the crimes of which defendant was acquitted required a finding that defendant acted in concert with her boyfriend in soliciting the sexual contact. On the other hand, the crime of endangering the welfare of a child, as charged by County Court, required only that defendant acted in a manner likely to be injurious to the welfare of a child by soliciting the victim to engage in sexual relations (*see* Penal Law § 260.10 [1]). Since a rational juror could have concluded that the proof was insufficient to establish that defendant acted in concert with her boyfriend, rather than for her own independent purposes, the verdicts are not inconsistent as charged (*see People v Trappier*, 87 NY2d 55, 58 [1995]; *People v Mendoza*, 300 AD2d 824, 824-825 [2002], *lv denied* 99 NY2d 617 [2003]; *see also People v Rayam*, 94 NY2d 557, 562-563 [2000]).

Since defendant failed to object during trial to County Court's

reference to a dismissed count of sexual abuse in the preliminary jury instructions and its reservation of decision on her motions for dismissal until after the jury rendered its verdict, these issues are unpreserved and we decline to consider them (*see* CPL 470.05; *People v Pierorazio*, 304 AD2d 973, 975 [2003], *lv denied* 100 NY2d 585 [2003]). Her remaining contentions that the jury rendered a compromise verdict and County Court erred in denying her motion to set aside the verdict have been considered and found to be without merit.

Cardona, P.J., Mercure, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.