■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DALTON GREENWOOD, Appellant. [804 NYS2d 489]—

Lahtinen, J. Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered August 13, 2003, upon a verdict convicting defendant of the crimes of criminal possession of a forged instrument in the second degree and grand larceny in the third degree.

The victim paid defendant $5,000 for a 1998 Nissan Altima that was later confiscated by police when it was determined that the car had been reported as stolen in North Carolina and the New Jersey title that defendant had provided to the victim was a falsely made document. Following an investigation, including obtaining two written statements from defendant regarding his role, he was charged with criminal possession of a forged instrument in the second degree and grand larceny in the third degree. An initial trial resulted in a mistrial when the jury was unable to reach a verdict. The retrial culminated in the jury finding defendant guilty of both crimes. He was sentenced to concurrent prison terms of 1½ to 4½ years (forged instrument) and 1 to 3 years (grand larceny), as well as being ordered to pay $5,000 restitution. Defendant appeals arguing that the verdict was against the weight of the evidence. We disagree and, thus, affirm.

Since review of evidence in the record reveals that a different result of the trial would not have been unreasonable, our analysis includes weighing "the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony" (*People v Bleakley*, 69 NY2d 490, 495 [1987] [internal quotation marks and citation omitted]; *see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Tirado*, 19 AD3d 712, 713 [2005], *lv denied* 5 NY3d 810 [2005]). When performing weight of the evidence review, we "sit[ ], in effect, as a 'thirteenth juror' " (*People v Cahill*, 2 NY3d 14, 58 [2003], quoting *Tibbs v Florida*, 457 US 31, 42 [1982]). Credibility determinations by the jury are accorded deference because of its "opportunity to view the witnesses, observe demeanor, and hear the testimony" (*People v*

*Haight*, 19 AD3d 714, 716 [2005], *lv denied* 5 NY3d 806 [2005]; *see People v Bleakley, supra* at 495; *People v Providence*, 14 AD3d 884, 885 [2005], *lv denied* 4 NY3d 856 [2005]).

The victim testified that she agreed to purchase the car from defendant for $6,000, she had already paid $5,000 to him by the time it was confiscated by law enforcement officials, and she had not received a return of any of her money since losing the car. An employee of the New Jersey Division of Motor Vehicles explained that the title for the car was a counterfeit, apparently created by scanning and then modifying a vehicle title. There was proof that the car had been reported as stolen in North Carolina. When police questioned defendant, he initially gave a written statement in which he claimed that he obtained the car at a Gulf gas station in Patterson, New Jersey from a person named Josh. He indicated that he paid $6,000 in cash and that Josh signed the title with the name "Joseph Ludwig." After defendant gave police writing samples that the police pointed out to him were similar to the signature on the title, defendant then gave a second statement in which he acknowledged that he was "not totally truthful in [his] first statement." The second statement reported that he paid a friend in Brooklyn $4,000 for the car, he was given an unsigned title, and he signed the name "Joseph Ludwig" to the title before delivering the car to the victim. In light of this proof and the reasonable inferences therefrom, as well as after review of all the evidence in the record, we are unpersuaded that the jury's determination was against the weight of the evidence.

Cardona, P.J., Mercure, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.