■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL WALLENDER, Appellant. [812 NYS2d 157]—

Spain, J. Appeal from a judgment of the County Court of Schenectady County (Hoye, J.), entered June 15, 2005, upon a verdict convicting defendant of the crimes of criminal mischief in the second degree, criminal mischief in the third degree (four counts) and criminal mischief in the fourth degree (seven counts).

On three nights in the summer of 2003, several structures in the Town of Niskayuna, Schenectady County, were vandalized with spray paint, including private homes, a synagogue and the high school. The graffiti included derogatory references to the

Niskayuna police, with specific references to each of the two officers who ultimately led the investigation of the incidents. That investigation resulted in defendant's arrest on the premise that he and a friend—against whom charges were also filed and later dropped—used spray paint to deface property within the town on the nights in question.

After a jury trial at which the People presented proof of damages occurring during the nights of June 24, 2003, August 22, 2003 and August 27, 2003, defendant was acquitted of all counts of "making graffiti" on all three nights, as well as all other crimes charged in relation to the incidents which occurred on August 27, 2003. He was convicted, however, of one count of criminal mischief in the third degree related to the spray-painting of a private residence on June 24, 2003 and 11 other counts of criminal mischief, in varying degrees, related to the incidents which occurred on August 22, 2003. He was sentenced to, among other things, concurrent terms of five years of probation, plus restitution and community service. Defendant appeals, raising a host of procedural and substantive arguments in support of reversal.

We find merit in defendant's contention that in those instances where he was charged with both criminal mischief and making graffiti based on the same alleged act of vandalism, and convicted of criminal mischief but acquitted of making graffiti, the criminal mischief conviction must be reversed because the only evidence of intentional property damage which would support defendant's criminal mischief convictions was evidence of spray-painting and, by virtue of his acquittals of all counts of making graffiti, it appears that the jury was unwilling to find that defendant intentionally used spray paint to damage property.[1] "A person is guilty of criminal mischief . . . when with intent to damage property of another person, and having no right to do so nor any reasonable ground to believe that he has such right, he damages property of another person" (Penal Law § 145.10; see Penal Law § 145.00 [1]; § 145.05). The prohibition against making graffiti includes "the etching, painting, covering, drawing upon or otherwise placing of a mark upon public or private property with the intent to damage such property" (Penal Law § 145.60 [1]). Thus, the only distinction between the

---

1. Although defense counsel did not object to the verdict as repugnant before the jury was discharged, as is appropriate (see People v Stahl, 53 NY2d 1048, 1050 [1981]), we reach the issue because the record reflects that defense counsel registered an appropriate objection—which County Court entertained—at his first opportunity after the jury was polled (see People v Dann, 14 AD3d 795, 797-798 [2005], lv denied 4 NY3d 885 [2005]).

two crimes is the specific nature of the property damage involved in making graffiti, i.e., the marking of property. Here, the only evidence of property damage submitted at trial to support either charge was spray-painting. Accordingly, where the jury acquitted defendant of making graffiti but convicted him of criminal mischief, the verdict is repugnant and cannot stand because defendant was convicted of a crime where "the jury has actually found that . . . defendant did not commit an essential element" (*People v Tucker,* 55 NY2d 1, 6 [1981]; *see People v Whipple,* 276 AD2d 827, 829 [2000], *lv denied* 96 NY2d 789 [2001]).

In reaching this conclusion, we are cognizant that a conviction should be reversed for repugnancy " 'only in those instances where acquittal on one crime as charged to the jury is conclusive as to a necessary element of the other crime, as charged, for which the guilty verdict was rendered' " (*People v Rayam,* 94 NY2d 557, 561 [2000], quoting *People v Tucker, supra* at 7), and that our review is so limited so as to not intrude into the " 'jury's deliberative process by speculating on how the jury perceived and weighed the evidence' " (*People v Mendoza,* 300 AD2d 824, 824 [2002], *lv denied* 99 NY2d 617 [2003], quoting *People v Tucker, supra* at 7). Under these circumstances, however, where the only evidence of property damage submitted to the jury was spray-painting, we can ascertain the inconsistent nature of the verdict without speculating on the weight given the evidence by the jury; indeed, the verdict—as rendered—is not supported by legally sufficient evidence (*see People v Yarrell,* 75 NY2d 828 [1990], *revg on dissenting mem below* 146 AD2d 819, 821-822 [1989]; *People v Clayton,* 17 AD3d 706, 707-708 [2005]; *People v Whipple, supra* at 827-828; *cf. People v Horne,* 97 NY2d 404, 413 [2002]; *People v Mendoza, supra* at 825).

Notably, defendant was found guilty of a single count of criminal mischief for which he was not charged and acquitted of a corresponding count of making graffiti. On that count, defendant was found guilty of third degree criminal mischief based on proof that he spray-painted property located at 877 Inman Road on August 22, 2003. Contrary to defendant's contentions, we find that conviction supported by the weight of the credible evidence. The People introduced the testimony of defendant's friend who stated that she saw defendant at a party on August 22, 2003 with another individual and that they were dressed all in black, which she found unusual. She further testified that when asked about their garb, either defendant or the other individual replied, "You will hear about it tomorrow." Defendant

admitted to attending the party, but denied being dressed in black or participating in the vandalism later that night. He claimed to have stayed at the party until the early hours of the morning and then returning directly home, assertions which were partially corroborated by other testimony. Defendant testified that, once home, he was with his girlfriend until morning, but his girlfriend did not testify at trial.[2]

The People also relied on the testimony of a witness who claimed that defendant admitted participating in the vandalism occurring on August 22 and 27, 2003. While we find aspects of the testimony of this witness, who testified in exchange for leniency in pending drug and weapons possession charges, to be incredible, we are mindful that "[a] jury is 'free to selectively credit and reject any part of' " a single witness's testimony (*People v Bush,* 14 AD3d 804, 805 [2005], *lv denied* 4 NY3d 852 [2005], quoting *People v Thornton,* 263 AD2d 782, 782-783 [1999], *lv denied* 93 NY2d 1046 [1999]; *see People v Hargett,* 11 AD3d 812, 814 [2004], *lv denied* 4 NY3d 744 [2004]). Further, in light of the testimony of the additional witness suggesting that defendant was involved in the incidents occurring on August 22, 2003, we cannot conclude that the jury failed to give the evidence the weight it should be accorded, such that it was left without a permissible basis upon which to conclude that defendant was guilty beyond a reasonable doubt (*see People v Allen,* 13 AD3d 892, 894 [2004], *lv denied* 4 NY3d 883 [2005]; *see also People v Calabria,* 3 NY3d 80, 83 [2004]).

Defendant also argues that he was deprived of his statutory right to a speedy trial, although no dispute exists that the People announced readiness within the six-month time period (*see* CPL 30.30). On defendant's pretrial motions, County Court upheld the validity of the People's announcement and found that postreadiness delay was not chargeable to the People as it was caused by court congestion. Although "court congestion before the District Attorney is ready for trial . . . is irrelevant and thus cannot excuse the District Attorney's failure to be ready," once the People announce readiness, a delay of trial due to court congestion will not entitle a defendant to dismissal under CPL

___

**2.** County Court gave a missing witness charge to the jury regarding defendant's failure to call his girlfriend as a witness. Contrary to defendant's arguments, we find the charge to have been appropriate given that, by providing an alibi, the witness could have given testimony on a material issue which would be favorable to the defense and defendant failed to substantiate his claims that her testimony would have been cumulative or that she was not under the "control" of the defense (*see People v Gonzalez,* 68 NY2d 424, 427-428 [1986]; *People v Struss,* 228 AD2d 711, 713 [1996], *lv denied* 89 NY2d 867 [1996]).

30.30 (*People v Brothers,* 50 NY2d 413, 417 [1980]; *see People ex rel. Ferguson v Campbell,* 175 AD2d 959, 960 [1991], *lv denied* 78 NY2d 863 [1991]). Upon our review of the record, we find that defendant has failed to establish either that the People's announcement of readiness was illusory or that the postreadiness delay was attributable to anything other than court congestion, as found by County Court. Further, contrary to defendant's arguments, we hold that the trial postponement of approximately seven weeks due to court congestion did not deprive defendant of his constitutional right to a speedy trial (*see People v Rogers,* 8 AD3d 888, 890 [2004]; *People v Cintron,* 7 AD3d 827, 828 [2004]).

After our review of the record and defendant's remaining arguments, we are not persuaded by his contention that he was deprived of a fair trial. In support of this contention, he emphasizes the contradictions in the testimony of the two main prosecution witnesses, arguing that the People used and failed to correct false testimony in violation of a prosecutor's fundamental obligation "to see that justice is done" (*People v Peralta,* 225 AD2d 50, 52 [1996], *lv denied* 89 NY2d 945 [1997]; *see People v Savvides,* 1 NY2d 554, 556-557 [1956]). Although when contrasted with all the evidence adduced at trial it is now evident that several of the People's witnesses were, at best, confused, and more likely dishonest at points, we find no evidence that the People intentionally procured or permitted false testimony. We also find no reason to disturb County Court's finding that the prosecutor's off-hand remark during the trial that one of the witnesses was the actual perpetrator to have been anything other than banter, not intended to be taken seriously.

We find merit in defendant's assertion that it was error to permit the prosecution to question its witness regarding defendant's expulsion from school for possessing marihuana. Contrary to the People's argument, defense counsel did not open the door to this questioning by asking the witness whether, and in what year, defendant had attended a different school. Likewise, defendant correctly points out that at one point during the summation, the prosecutor improperly vouched for the credibility of a witness by stating, "I tell you he's credible" (*see People v Paperno,* 54 NY2d 294, 301 [1981]). While recognizing these trial errors, as well as the less than overwhelming evidence of defendant's guilt, we nevertheless find them harmless; the jury was already apprised of defendant's marihuana use by virtue of the introduction of defendant's conviction of a violation for possession which was permitted by an appropriate *Sandoval* ruling, and the prosecutor's improper remark was

fleeting (*see People v Crimmins,* 36 NY2d 230, 240-241 [1975]; *People v Houghtaling,* 14 AD3d 879, 883 [2005], *lv denied* 4 NY3d 831 [2005]).

We have considered defendant's remaining contentions and, to the extent that they remain relevant given our disposition in this matter, find them unpersuasive.

Cardona, P.J., Crew III, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is modified, on the law, by reversing defendant's convictions of criminal mischief in the second degree under count 1 of the indictment, criminal mischief in the third degree under counts 4, 6 and 9 of the indictment, and criminal mischief in the fourth degree under counts 10, 11, 12, 13, 15, 16 and 17 of the indictment; dismiss said counts and vacate the sentences imposed thereon; and, as so modified, affirmed.