■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT MALOY, Appellant. [826 NYS2d 846]—

Peters, J. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered March 10, 2005, upon a verdict convicting defendant of the crimes of murder in the second degree, gang assault in the first degree (three counts), attempted murder in the second degree, assault in the first degree, criminal use of a firearm in the first degree (two counts), criminal possession of a weapon in the second degree and criminal possession of a weapon in the fourth degree (two counts).

On June 12, 2004, Michael Williams traveled with Nicole Vil-

lanueva and neighbor Brian Oshinsky to Villanueva's residence in Napanoch, Ulster County. While there, defendant, a friend of Villanueva, entered the residence. Oshinsky, who had been drinking, instigated an altercation with him. When defendant challenged him to a fight, Oshinsky told him to "bring it to the projects." No words or actions were directed towards Williams on that day. Shortly thereafter, Williams drove back to his home. While eating in his car and talking with Mitchell Pomales, Williams was approached by defendant and three other men. Defendant then verbally challenged Williams and, although Williams did not respond in a threatening manner, defendant drew a revolver, pointed it at Williams and pulled the trigger twice. When the gun failed to fire, defendant attacked him with a knife. As Williams attempted to exit the vehicle, defendant ordered his accomplices to attack. Pomales was struck three times in the head by a golf club, fracturing his skull. When Williams' friends—Jose Martinez and Martin Acosta—came to assist, Martinez was stabbed four times by defendant and Acosta was stabbed once by an accomplice, which resulted in his death.

At the crime scene, the police found a Molotov cocktail.[1] During their investigation, they obtained two statements from defendant in which he admitted that after his altercation with Oshinsky, he got high on crack and then set out for the projects because he "[knew] that [Oshinsky] live[d] [there]." Defendant further stated that he "wanted [Oshinsky], but settled for the black guy that he was with earlier." When questioned as to why he brought the knife and whether he planned to hurt someone, defendant replied "[y]eah, I planned on beating someone up, that was my intention" and "I said a couple of times that I was going to kill someone."

With Acosta dead from a single stab wound and three others severely injured, defendant was charged with, among other things, intentional murder and depraved indifference murder. Following a severed jury trial, defendant was acquitted of the intentional murder charge but found guilty of depraved indifference murder and the remaining 12 counts of the indictment, including attempted murder in the second degree and two counts of criminal use of a firearm in the first degree. County Court denied defendant's motion to set aside the verdict and, thereafter, sentenced him to an aggregate prison term of 130 years to life. Defendant appeals.

Defendant's challenge to the legal sufficiency of the evidence supporting the charge of depraved indifference murder was not

---

1. This device is a gasoline filled container with a fuse. It was found near the crime scene with the fingerprints of one of defendant's accomplices.

adequately preserved (*see People v Lozada*, 35 AD3d 969 [2006]) and, under the circumstances of this case, we decline to exercise our interest of justice jurisdiction (*see People v Parker*, 29 AD3d 1161, 1170 n 1 [2006], *lv granted* 7 NY3d 853 [2006]; *People v Richins*, 29 AD3d 1170, 1171 [2006], *lv denied* 7 NY3d 817 [2006]; *People v Douglas*, 26 AD3d 522, 523 [2006], *lv denied* 7 NY3d 847 [2006]). While defendant's right to request a trial order of dismissal was reserved at the close of the People's proof, no such motion was made before the verdict was rendered. Had it been properly propounded, it would have provided County Court with an opportunity to cure before a verdict was rendered (*see People v Gray*, 86 NY2d 10, 20-21 [1995]). Notably, when defendant reserved his request for a trial order of dismissal, he specifically sought a dismissal of all weapons charges for the failure of the People to present evidence concerning the operability of the bullet found within the gun. County Court thereafter properly allowed the People to reopen their case (*see People v Senese*, 300 AD2d 754, 756 [2002]) because there was no prejudice and the missing element was "simple to prove and not seriously contested" (*People v Whipple*, 97 NY2d 1, 3 [2001]). For these reasons, there was no abuse of discretion (*see Matter of Hover v Shear*, 232 AD2d 749, 750 [1996], *lv dismissed and denied* 89 NY2d 964 [1997]).

As to the claims of inconsistency in the guilty verdicts, we note that only those pertaining to the depraved indifference murder conviction and the gang assault conviction (count 3) were properly preserved (*see People v Baker*, 24 AD3d 810, 811 [2005]). To determine the consistency of a verdict, we review the jury charge (*see People v Tucker*, 55 NY2d 1, 7 [1981]; *People v Mendoza*, 300 AD2d 824, 824 [2002], *lv denied* 99 NY2d 617 [2003]) to decide whether the "guilt of the offense charged in one [count will] necessarily negate[ ] guilt of the offense charged in the other [count]" (CPL 300.30 [5]; *see People v Trappier*, 87 NY2d 55, 58 [1995]; *People v Long*, 291 AD2d 720, 722 [2002], *lv denied* 98 NY2d 677 [2002]).

The two convictions under review here entail two distinct results. Defendant may be found guilty of intending to cause serious physical harm to Acosta while also recklessly causing his death (*see People v Trappier, supra* at 58). The jury could have rationally concluded that defendant intended to harm Oshinsky and yet injured Acosta and that his reckless conduct was the cause of Acosta's death. As this presents a rational theory to support the jury's findings, we decline to disturb them (*see People v Hart*, 266 AD2d 584, 586 [1999], *lv denied* 94 NY2d 903 [2000]).

Turning to the issue of sentencing, the People have conceded that the five-year consecutive sentence under Penal Law § 265.09 (2) was improperly imposed (*see People v Abdullah*, 298 AD2d 623, 624 [2002]) and that the sentences for his convictions of attempted murder in the second degree (count 2) and criminal use of a firearm in the first degree (counts 10 and 11) must run concurrently (*see People v Laureano*, 87 NY2d 640, 643 [1996]). Left to address the sentences for depraved indifference murder and gang assault in the first degree (three counts), defendant contends that since the offenses shared common material elements, they must run concurrently. We disagree. Under Penal Law § 70.25 (2), "sentences imposed for two or more offenses may not run consecutively: (1) where a single act constitutes two offenses, or (2) where a single act constitutes one of the offenses and a material element of the other" (87 NY2d at 643). However, where the "convictions 'comprise separate, distinct and independently punishable offenses,' . . . consecutive sentences [are] warranted" (*People v Perkins*, 27 AD3d 890, 894 [2006], *lv denied* 6 NY3d 897, 7 NY3d 761 [2006], quoting *People v Lanfair*, 18 AD3d 1032, 1033-1034 [2005], *lv denied* 5 NY3d 790 [2005]). Here, two of the three convictions for gang assault in the first degree resulted from separate attacks upon Pomales and Martinez, rather than Acosta.[2] As such, they are wholly unrelated to the depraved indifference murder conviction regarding Acosta. Since they constitute " 'distinct and independently punishable offenses' " (*People v Perkins, supra* at 894, quoting *People v Lanfair, supra* at 1034), consecutive sentencing was permissible.

Having fully reviewed defendant's ineffective assistance of counsel claim under the principles enunciated in *People v Baldi* (54 NY2d 137, 147 [1981]), we find no merit (*see People v Benevento*, 91 NY2d 708, 712 [1998]). Defense counsel conducted effective cross-examinations, provided in-depth opening and closing statements and made several strategic motions, including a motion to dismiss all firearm charges. Mere disagreement with trial strategy and the tactics employed by counsel will not suffice (*see People v Rivera*, 71 NY2d 705, 708 [1988]).

Defendant's remaining contentions are found to be either unpreserved or without merit.

Cardona, P.J., Spain, Mugglin and Kane, JJ., concur. Ordered that the judgment is modified, on the law, by vacating the consecutive five-year sentence imposed under Penal Law § 265.09 (2) and by directing that defendant's sentences for criminal use

---

**2.** Defendant's sentences for the depraved indifference murder of Acosta and the gang assault of Acosta were properly imposed concurrently.

of a firearm in the first degree under counts 10 and 11 of the indictment shall run concurrent with the sentence for attempted murder in the second degree under count 6 of the indictment, and, as so modified, affirmed.

