■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GASTON HOOKS, Appellant. [830 NYS2d 835]—

Lahtinen, J. Appeal from a judgment of the County Court of Schenectady County (Eidens, J.), rendered November 15, 2004, upon a verdict convicting defendant of the crimes of perjury in the first degree (two counts), criminal solicitation in the fourth degree (two counts), conspiracy in the fifth degree (two counts) and tampering with physical evidence.

In May 2002, defendant, in an effort to get an individual to move a parked vehicle, allegedly impersonated a police officer, resulting in charges of criminal impersonation. He then reportedly offered assistance to the person to whom he had impersonated himself if she would recant and, ostensibly motivated in part by her dire economic circumstances, she signed a statement that defendant had prepared for her in which she essentially exonerated him. When his conduct was revealed to the prosecutor's office, he was additionally charged with tampering with a witness in the fourth degree. Defendant then purportedly recruited others to give false statements and testimony at the trial regarding the criminal impersonation and witness tampering charges. At that trial, one such individual acknowledged on cross-examination that she had lied for defendant in her direct testimony.

Defendant's conduct leading up to and during the trial arising from the May 2002 incident resulted in an indictment charging him with bribing a witness (two counts), perjury in the first degree (two counts), criminal solicitation in the fourth degree (two counts), conspiracy in the fifth degree (two counts) and tampering with physical evidence. Following a jury trial he was convicted of all crimes except the two counts of bribing a witness. County Court sentenced him to 2⅓ to 7 years in prison for the first count of perjury, one year for the first count of criminal solicitation, one year for the first count of criminal conspiracy and 1⅓ to 4 years for tampering with physical evidence, all to run concurrent with each other. In addition, he was then sentenced to 2⅓ to 7 years for the second perjury charge, one year for the second criminal solicitation charge and one year for the second conspiracy charge, all to run concurrent with each other, but consecutive with the sentences imposed for the first set of charges. Defendant appeals arguing the conviction was against the weight of the evidence and the sentence was excessive. Finding neither argument persuasive, we affirm.

"In reviewing the weight of the evidence, [i]f based on all the credible evidence a different finding would not have been unreasonable, then [we must] . . . weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony" (*People v Tirado*, 19 AD3d 712, 713 [2005], *lv denied* 5 NY3d 810 [2005] [internal quotation marks and citations omitted]). Defendant contends that the jury gave too much weight to the testimony of two key prosecution witnesses who had lied in the past. Unlike *People v Clayton* (17 AD3d 706 [2005]), a case upon which defendant relies, the statements of the witnesses in question were not refuted by compelling proof (*see id.* at 707). Here, the testimony of those witnesses was supported by other evidence at trial implicating defendant's role in the charged crimes. The evidence in opposition to the proof presented by the People was essentially limited to defendant's testimony, which the jury found lacked credibility. We discern no reason to disturb the jury's credibility determinations (*see People v Studstill*, 27 AD3d 833, 834 [2006], *lv denied* 6 NY3d 898 [2006]; *People v Walton*, 16 AD3d 903, 905 [2005], *lv denied* 5 NY3d 796 [2005]).

We do not find extraordinary circumstances or an abuse of discretion meriting a modification of the sentence imposed by County Court (*see People v Cyrus*, 18 AD3d 1020, 1022 [2005], *lv denied* 5 NY3d 827 [2005]). Defendant engaged in repeated conduct aimed at corroding the truth-seeking process, which rests at the core of the justice system. His criminal past reveals

that this type of conduct was not limited to merely his recent actions.

Crew III, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.